THIS IS A COPY
SIGNED ORIGINAL
ON FILE

## CONDITIONAL ACCEPTANCE
### RESPONSE

CASE NUMBER: 22-CC-0810

JPMORGAN CHASE BANK, N.A.
     Plaintiff,

vs.

                                     MCCC - CIVIL
                                     DEC 23 '22 AM10:47

MICHAEL TIMM
         Defendant.

_____/

1. This is in response to Summons served upon presumed defendant in Uniform Case Number: 422022CC000810CCAXXX

2. In order to avoid unecessary delay this is an acceptance of all claims alleged by plaintiff under conditions stated hereafter and this document has been created in good faith:

    In order to omit delays in commerce Affiant, Michael Timm, falsely presumed as a trustee in constructive trust created through an "agreement", conditionally accept for value the same.

    It has come to my attention that as applied to the above matter, that there may not have been a 'meeting of the minds,' that there may be fraud on the contract/agreement and/or the contract/agreement itself may be an unconscionable contract/agreement, or other controversies that may exist within this contract/transaction.

    As I want to resolve this matter as soon as possible, I am initiating this remedy **in good faith**, to determine such matters and I agree to making payments per the 'contract,' but on condition that you provide 'Proof(s) of Claim.' (Note: Proofs of Claim also means Proof of Facts).

The necessary 'Proof(s) of Claim' are set out below, to wit:

1. PROOF OF CLAIM that JPMORGAN and/or agents thereof, herein after "JP" gave FULL DISCLOURE to all matters dealing with said contract as to the US Bankruptcy, form of payment, what was loaned, where "loaned money" was derived/sourced from, etc.;

2. PRROF OF CLAIM that JP has issued presentments accepted by MICHAEL TIMM as alleged in complaint made by JP.;

3. PROOF OF CLAIM that JP, in sending Statement of Account on an account to affiant while knowing that affiant is the source of credit/money discussed and owes nothing, does not constitute a mailing a fraudulent claim, and/or committing mail fraud (Title 13, Sec 1331 USC);

4. PROOF OF CLAIM of VERIFIED Statement of account issued by JP constituting each and every charge they have alleged in their "Bill" backed by unlimited commercial liability ( under penalties of perjury).;

5. PROOF OF CLAIM that the Truth in lending act doesn't require you JP to supply a verified Statement of Account.

6. PROOF OF CLAIM that JP as an 'artificial entity/creature,' created under the laws of the State of Florida and doing business in the state of Florida, by and through its Officers, Board of Directors and employees, and agents are not bound to support Article I, SS X, as a 'State created entity,' in

## CONDITIONAL ACCEPTANCE
## RESPONSE

that "No State shall... make any Thing but gold and silver coin as Legal Tender in Payment of Debts.";

7. PROOF OF CLAIM that JP inquired or knew that the undersigned has access to 'lawful money of account' to 'pay' the contract debt(s) at law without becoming a tort feasor.;

8. PROOF OF CLAIM that the use of a (federal Reserve) 'Note,' or instruments certifying conveyance of Federal Reserve Notes, *is not only* a promise to pay. See **Fidelity savings v Grimes, 131 P2d 894.**;

9. PROOF OF CLAIM that Legal Tender (Federal Reserve) Notes, or instruments certifying conveyance of Federal Reserve Notes, *are* good and lawful money of the United States. See **Rains v State, 226 S.W. 189.**;

10. PROOF OF CLAIM that Federal Notes, or instruments certifying conveyance of Federal reserve Notes, *are not* valueless. **See IRS Codes Section 1.1001-1 (4657) C.C.H.** (Note; Federal reserve Bank says "Federal Reserve Notes..."... have not value.");

11. PROOF OF CLAIM that the undersigned had a 'meeting of the mind(s)' with JP pursuant to the contract/agreement in respect to full disclosure and that said contract contained or contains no elements of fraud by JP;

12. PROOF OF CLAIM that JP did not, in respect to their contract/agreement was not made beyond the scope of its corporate powers and the contract is not unlawful and void. (see for reference **McCormick v Market Natl. Natl, 165 Us 538**);

13. PROOF OF CLAIM of what JP "loaned" to the Undersigned/settlor via the contract/agreement.;

14. PROOF OF CLAIM that the U.S. Bankruptcy <u>did not</u> impair the obligations and considerations of contracts through the "Joint Resolution To Suspend The Gold Standard and Abrogate the Gold Clause" – June 5, 1933 as it may operate within the STATE OF FLORIDA and the above contract/agreement/account number.;

15. PROOF OF CLAIM that JP, knew or did not know, that this transaction was beyond the scope of its Charter and that JP did intend to bind the undersigned to an unconscionable contract/agreement without full disclosure;

16. PROOF OF CLAIM that your DEMAND FOR PAYMENT letter does not therefore constitute an attempt to commit unjust enrichment.

17. PROOF OF CLAIM that JP, by tendering a presentment by way of UNITED STATES POSTAL SERVICE with property related to a security interest registered on a financing statement therein, does not constitute interstate commerce.;

18. PROOF OF CLAIM that account number **XXXXXXXXXXXX8038** mentioned in presentment tendered by cause of JP is not subject to Creditor rights arising from Private Security Agreement/ITEM#PSA-0050519949701-MWT and/or said Private security agreements Schedule A property list, See **Exhibit A**, as well as a registered financing statement, See **Exhibit B**, Priority Security Interest, lien, or other contract filed in the **Florida UCC office registry File#202107487375**, see Exhibit A.;

19. PROOF OF CLAIM that the name MICHAEL TIMM, and/or any derivative thereof mentioned in alleged presentment tendered by cause of JP is not subject to a registered financing statement, Priority Security Interest, lien, Common-law copyright or other contract, see Exhibit B.;

20. PROOF OF CLAIM that the fraud conducted by JP would not cause loss or risk of loss to claimant. ;

## CONDITIONAL ACCEPTANCE
## RESPONSE

21. PROOF OF CLAIM MICHAEL TIMM is not part of a previously established trust and subject to stipulations of the Private Security Agreement therein, Perfected Security Interest, and registered lien filed in the State of Florida in the Secured Transaction Registry, AKA the UCC filing office, under **Florida UCC File number: 202107487375 as acknowledged by Florida Statute 679.3101 and/or UCC 9-310, as well as Florida Statute 679.3081 and/or UCC 9-308** (lien Perfection), see exhibit A and Exhibit B;

22. PROOF OF CLAIM that Collateral, subject to said lien **(Florida UCC File number: 202107487375)** including but not limited to **Private Security Agreement/ITEM# "PSA-050519949701-MWT", NOTICE OF INTENT-FEE SCHEDUL/ ITEM# "NIFS-050519959701-MWT", See Exhibit C, COMMON LAW COPYRIGHT NOTICE/ITEM# "CLCN-050519949701-MWT", See Exhibit D**, which is effective according to its terms between the parties, against purchasers of the collateral, and against creditors as acknowledged by Florida Statute **679.2011 and UCC 9-201**, is not valid contract nor applicable in the current circumstances, see **Exhibit B**;

23. PROOF OF CLAIM that JP did not knowingly deceive MICHAEL TIMM by using the natural person's signature affixed to an "agreement" thereby creating a constructive trust without telling MICHAEL TIMM that this was going on.

24. PROOF OF CLAIM that JP did not act or label themselves as beneficiary of this constructive trust and act or label MICHAEL TIMM as trustee thereby not only accessing his estate's money/credit (depending on perspective) without telling him but also making him "legally" responsible for this newly assumed balance due created out of thin air.

25. PROOF OF CLAIM that the actions JP took does not constitute fraud by inducing MICHAEL TIMM to bind himself via a constructive trust and thereby allowing JP to knowingly steal from MICHAEL TIMM'S ESTATE and not tell him.

26. PROOF OF CLAIM JP has not conducted their self fraudulently in relation to this cause of action as aforementioned above automatically causing equitable estoppel to come into effect thereby constituting **SECTION 9, Subsection (h) of ITEM#NFIS-050519949701-MWT** (NOTICE OF INTENT-FEE SCHEDULE), filed in **Florida UCC, File number: 202107487375**, for a $500,000 (FIVE-HUNDRED-THOUSAND-DOLLARS) **tax/fee liability** imposed upon JP.;

27. PROOF OF CLAIM that JP has not displayed failure to follow federal and/or state statutes, Codes, Rules and/or Regulations that they are bound thereby constituting a violation of **SECTION 14. subsection (m) of NFIS-050519949701-MWT** (NOTICE OF INTENT-FEE SCHEDULE), filed in **Florida UCC, File number: 202107487375, for a $500,000** (FIVE-HUNDRED-THOUSAND) **tax/fee liability** imposed upon defendant, See **Exhibit C**;

28. PROOF OF CLAIM JP has not used, displayed, reproduced, in whole, or in part, without prior express, written consent and acknowledgment, the "MICHAEL TIMM" name/secured collateral, subject to a lien, and covered by COMMON LAW COPY RIGHT NOTICE , subject to a lien and other security interests Filed in the Florida UCC filing office, File number: 202107487375 constituting violations of said COMMON LAW COPYRIGHT NOTICE/ ITEM# CLCN-050519949701-MWT, see CLCN-050519949701-MWT, page one, paragraph one and two, **See Exhibit D**, thereby constituting a $500,000 (FIVE-HUNDRED-THOUSAND DOLLAR) tax/fee liability imposed upon the;

29. PROOF OF CLAIM JP is not obligated to claimant for a **tax liability of $1,500,000** (ONE-MILLION-FIVE-HUNDRED-THOUSAND-DOLLARS).;

## CONDITIONAL ACCEPTANCE
### RESPONSE

30. PROOF OF CLAIM by aforementioned facts claimant does not have rights to Defenses and claims in recoupment in accordance with **U.C.C. 3-305(c).;**

30. PROOF OF CLAIM JP is the real party of interest and not the International monetary Fund collecting on the bankruptcy within the UNITED STATES and that JP is not just an agent or proxy in the UNITED STATES;

## CAVEAT

**Please be advised, response must be within Thirty (30) Days of the date of your receipt,** any response other than a **verified** response in accordance with the above proof of claims, and/or failure, or refusal by JP to provide the above 'Proof(s) of Claim' will constitute your default, dishonor, admission, confession and/or agreement of injury, and damage, thereby stipulating and agreeing to the following stipulations, including but limited to:

1. The Contrary to all proof of claims you could not provide proof of claim to upon all points enumerated from point number one to point Thirty (35) Five supra. Example One: If you are required to provide proof of claim that a fact does exist, and you do not provide said proof of claim, than you agree that the fact does not exist. Example Two: If you are required to provide Proof of claim that a fact does not exist, and you do not provide said proof of claim, you agree that said fact does exist.;

2. That you, JP, understand the liabilities that may accrue from lack of Proof of Claims provided and mentioned herein;

3. That, action(s) committed by you, JP constitute fraud on the contract and/or compelling the Undersigned into an unconscionable contract and that there was no meeting of the minds in respect to the contract as to form of payment.;

4. That JP and/or any other agent or third party therefore is estopped in any adverse action(s) or defense(s).;

5. That you, , by failure or refusal to bring forth the requested ' Proof(s) of Claim' are in violation of the 'clean hands doctrine,' 'full disclosure,' 'good faith dealing,' and the FAIR DEBT COLLECTIONS PRACTICES ACT, as applied to this transaction/contract/ as referenced above.;

6. That you, JP admit to a damage and injury cause upon claimant;

7. That you, JP, lack jurisdiction and authority to cite the Undersigned and/or misapplied statute.;

8. Upon non response, a presumption of your agreement to the facts/statements stated herein will stand as true and correct including but not limited to"Security Exchange Commission Violations, United States Code violations, Florida Statute Violations, Trust Law violations, Common law violations and more. You are also agree to grant a security interest to creditor- Michael Timm and to permit creditor to file a UCC-1 Financing statement and lien to perfect such security interest, lisintg you JP, Debtor, against, including but not limited to, all Cash Proceeds, consumer goods, deposit account(s), service equipment, Inventory, investment property, and non cash proceeds.;

9. This Conditional Acceptance becomes an agreement and said agreement becomes the bond;

## CONDITIONAL ACCEPTANCE
### RESPONSE

JP will have stipulated to the facts herein as they operate in favor of the Undersigned, due to your silence.;

## DEFINITIONS

1. The term **"security"** means any note, stock, treasury stock, security future, security-based swap, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, fractional undivided interest in oil, gas, or other mineral rights, any put, call, straddle, option, or privilege on any security, certificate of deposit, or group or index of securities (including any interest therein or based on the value thereof), or any put, call, straddle, option, or privilege entered into on a national securities exchange relating to foreign currency, or, in general, any interest or instrument commonly known as a "security", or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing.

2. The term **"sale" or "sell"** shall include every contract of sale or disposition of a security or interest in a security, for value. The term "offer to sell", "offer for sale", or "offer" shall include every attempt or offer to dispose of, or solicitation of an offer to buy, a security or interest in a security, for value.

The terms defined in this paragraph and the term "offer to buy" as used in subsection (c) of section 5 shall not include preliminary negotiations or agreements between an issuer (or any person directly or indirectly controlling or controlled by an issuer, or under direct or indirect common control with an

issuer) and any underwriter or among underwriters who are or are to be in privity of contract with an issuer (or any person directly or indirectly controlling or controlled by an issuer, or under direct or indirect common control with an issuer). Any security given or delivered with, or as a bonus on account of, any purchase of securities or any other thing, shall be conclusively presumed to constitute a part of the subject of such purchase and to have been offered and sold for value. The issue or transfer of a right or privilege, when originally issued or transferred with a security, giving the holder of such security

the right to convert such security into another security of the same issuer or of another person, or giving a right to subscribe to another security of the same issuer or of another person, which right cannot be exercised until some future date, shall not be deemed to be an offer or sale of such other security; but

the issue or transfer of such other security upon the exercise of such right of conversion or subscription shall be deemed a sale of such other security. Any offer or sale of a security futures product by or on behalf of the issuer of the securities underlying the security futures product, an affiliate of the issuer,

or an underwriter, shall constitute a contract for sale of, sale of, offer for sale, or offer to sell the underlying securities. Any offer or sale of a security-based swap by or on behalf of the issuer of the securities upon which such security-based swap is based or is referenced, an affiliate of the issuer, or an under writer, shall constitute a contract for sale of, sale of, offer for sale, or offer to sell such securities.

3. The term "prospectus" means any prospectus, notice, circular, advertisement, letter, or communication, written or by radio or television, which offers any security for sale or confirms the sale of any security; except that (a) a communication sent or given after the effective date of the registration statement (other than a prospectus permitted under subsection (b) of section 10) shall not be deemed a prospectus if it is proved that prior to or at the same time with such communication a written prospectus meeting the requirements of subsection (a) of section 10 at the time of [2] such communication was sent or given to the person to whom the communication was made, and (b) a notice, circular, advertisement, letter, or communication in respect of a security shall not be deemed to be a prospectus if it states from whom a written prospectus meeting the requirements of section 10 may be obtained and, in addition, does no more than identify the security, state the price thereof, state by whom orders will be executed, and contain such other information as the Commission, by rules or regulations deemed necessary or appropriate in the public interest and for the protection of investors, and subject to such terms and conditions as may be prescribed therein, may permit.

4. The acronym UCC means UNIFORM COMMERCIAL CODE.

5. The acronym USC meas UNITED STATES CODE.

## RESPONSE

Should you fail or refuse to provide 'Proof(s) of Claim' within the time specified in this private matter, your default will establish your agreement in this matter and agreement/contract makes the law and law is contract.

Date: 12/21/2022

By: _Michael Timm_

Michael-William, Secured Party Creditor,
Attorney, for MICHAEL WILLIAM TIMM ESTATE,
Ens legis/entity. Without recourse, without
prejudice, All rights reserved

**CONDITIONAL ACCEPTANCE**
<u>**RESPONSE**</u>

## CONDITIONAL ACCEPTANCE
### RESPONSE

### OATH OR AFFIRMATION
### (JURAT)

State of Florida

County of Marion

Sworn to (or affirmed) and subscribed before me by means of ☒ physical presence or [] online notarization, this ___21___ day of ___December___, __2022__, by Michael-William: Timm.

_____

Notary Public.

__06/12/2026__

Commission Expiration Date.

Personally Known _____, OR Produced Identification ___✓___

Type of Identification Produced _Affidavit of Identity_

Notary Public State of Florida
Gina Shovey
My Commission
HH 275264
Exp. 6/12/2026
Seal;

# PRIVATE SECURITY AGREEMENT

NON-NEGOTIABLE

<u>PSA-050519949701-MWT</u>



EXHIBIT

*A*

This Non-negotiable Private Security Agreement is made and entered into this ___21st___ day, in the Month of June, in the year of two thousand-twenty-one (2021) by and between MICHAEL WILLIAM TIMM, DEBTOR, hereinafter "DEBTOR," SOCIAL SECURITY ACCOUNT NUMBER **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**, and the Timm, Michael, William, Secured Party, hereinafter "Secured Party." If any part or portion of this Security Agreement is found to be invalid or unenforceable, such part or portion shall not void any other part or portion as reasonably segregable from said part(s) or portion(s). The Parties, hereinafter "Parties," are identified as follows:

**DEBTOR:**

> MICHAEL WILLIAM TIMM [ AN ARTIFICIAL CORPORATIVE ENTITY / PERSON]
> **4545 SW 60TH AVENUE**
> **SUITE 773237**
> **OCALA, FL 34477**
> UCC CONTRACT TRUST ACCOUNT/ORGANIZATION No. 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

**Secured Party:**

> Timm, Michael, William [ a "Personam Sojurn and one of the people of the Posterity" ]
> **c/o 1718 Sw 29th Terrace**
> **Ocala, Florida state [34474]**
> **United States of America**
> Control # G69432294

NOW, THEREFORE, the Parties agree as follows:

### AGREEMENT

In consideration for the Secured Party providing certain accommodations to DEBTOR, *inter alia*, to the Secured Party:

Debtor, who deems himselfc insolvent, hereby under necessity, grants the above Secured party a security interest in the collateral described herein, on any Schedule A's, and as may appear on all UCC filings referred to as 'collateral,' to secure all debtor's property as well as all so-called income from whatever source derived, direct, indirect, absolute or contingent, due or to become due, hereinafter arising, held in any account with its due interest, parole or expressed public indebtedness and liabilities held by Debtor or presented to Debtor, to Secured party in consideration for Secured Party providing certain things and accommodations for Debtor, including but not limited to:

1. Constituting the source, origin, substance, and being, i.e. basis of 'pre-existing claim,' from which the existence of DEBTOR was derived and on the basis of which DEBTOR is able to function as a transmitting utility to conduct Commercial Activity as a conduit for the transmission of goods and services to the Secured Party, and to interact, contract, and exchange goods, services, obligations, and liabilities with other DEBTORS, corporations, and artificial persons in Commerce;

2. Signing by accommodation for DEBTOR in all cases whatsoever wherein any signature of DEBTOR is required;

3. Issuing a binding commitment to extend credit or for the extension of immediately available credit, whether or not drawn upon and whether or not a chargeback is provided for in the event of difficulties in collection;

Secured Party: Timm, Michael, William
DEBTOR: MICHAEL WILLIAM TIMM

# PRIVATE SECURITY AGREEMENT

4. Providing the security for payment of all sums due or owing, or to become due or owing, by DEBTOR; and

5. Constituting the source of the assets, via the sentient existence, exercise of faculties, and labor of the Secured Party that provide the valuable consideration sufficient to support any contract which DEBTOR may execute or to which DEBTOR may be regarded as bound by any person whatsoever, DEBTOR hereby confirms that this Security Agreement is a duly executed, signed, and sealed private contract entered into knowingly, intentionally, and voluntarily by DEBTOR and Secured Party, wherein and whereby DEBTOR:

   A. Voluntarily enters DEBTOR in the Commercial Registry;

   B. Transfers and assigns to the Secured Party a security interest in the Collateral described herein below; and

   C. Agrees to be, act, and function in law and commerce, as the unincorporated, proprietary trademark of the Secured Party for exclusive and discretionary use by the Secured Party in any manner that the Secured Party, by Sovereign and Unalienable Right, elects.

## PUBLIC LAWFUL NOTICE

Filling of this Security Agreement by the Parties constitutes open, lawful public notice that:

1. The law, venue, and jurisdiction of this Security Agreement is the ratified, finalized, signed, and sealed private contract freely entered into by and between DEBTOR and the Secured Party as registered herewith.

2. This Security Agreement is contractually complete herein and herewith and cannot be abrogated, altered, or amended, in whole or part, without the express, written consent of both DEBTOR and the Secured Party.

3. The Secured Party signing, signs by accommodation for the DEBTOR, when necessary, in every manner where the debtor's signature is required. The Secured Party reserves the right to make sufficient claims to secure such indebtedness until satisfied in whole.

4. The Secured Party as Creditor, with standing and capacity, agrees to issue or extend credit, on behalf of the DEBTOR, whether or not such credit is drawn upon or not reimbursed in the event of difficulties in collection thereof.

5. DEBTOR is the commercial transmitting utility, and unincorporated, proprietary trademark of the Secured Party with DEBTOR name being common law copyrighted and all property of DEBTOR is the secured property of the Secured Party.

6. Any unauthorized use of DEBTOR or DEBTOR's name in any manner that might influence, affect, pertain to, or be presumed to pertain to the Secured Party in any manner is expressly prohibited without the written consent of the Secured Party.

7. DEBTOR declares it is an 'Ens legis' legal entity recognized as such and has rights and privileges recognized under the laws/statutes for the UNITED STATES, Inc., and has been the case since its creation in **1994.**

8. All legal means to protect the security interest being established by this Agreement will be used by the Secured Party whenever necessary and all support needed by the Secured Party to protect his security interest in the collateral herein identified or otherwise added will be provided by the Secured Party including but not limited by commercial/tort lien process, by agreement of the DEBTOR.

# PRIVATE SECURITY AGREEMENT

Execution of this security agreement incorporates a promise that the DEBTOR will direct the execution of such commercial forms, including but not limited to financing statements such as may be necessary to assure that the Secured Party's interest is perfected and protected. The security interest established by this agreement will continue until the Secured Party is relieved of all liability associated herein to the DEBTOR, and until all owing and due consideration to the Secured Party has been delivered, regardless of whether the collateral identified in this agreement is in the possession of the DEBTOR or the Secured Party.

DEBTOR warrants that Secured Party's claim against the collateral is enforceable according to the terms and conditions expressed herein and according to all applicable laws promulgated for the purpose of protecting the interest of a creditor against a debtor.

DEBTOR also warrants that it holds good and marketable title to the collateral, free and clear of all actual and lawful liens and encumbrances except for the interest established therein, and except for substantial interest as may have been privately established by agreement of the parties with attention to the elements necessary to establish a valid contract under international contract law.

Public encumbrances presented to or belonging to the DEBTOR against the collateral shall remain secondary to this agreement, unless registered prior to the registration of Secured Party's interest in the same collateral, as is well-established in international commercial law.

## GENERAL PROVISIONS
### Possession of Collateral

Collateral or evidence of collateral may remain in the possession of the debtor, to be kept at the address given in this agreement by the debtor or such other place(s) approved by Secured Party and notice of changes in location must be made to the Secured Party within ten **(10)** days of such relocation. Debtor agrees not to otherwise remove the collateral except as is expected in the ordinary course of business, including sale of inventory, exchange, and other acceptable reasons for removal. When in doubt as to the legal ramifications for relocation, debtor agrees to acquire prior written authorization from the Secured Party. Debtor may possess all tangible personal property included in collateral, and have beneficial use of all other collateral, and may use it in any lawful manner not inconsistent with this agreement, except that debtor's right to possession and beneficial use may also apply to collateral that is in the possession of the Secured Party if such possession is required by law to perfect Secured Party's interest in such collateral. If Secured Party, at any time, has possession of any part of the collateral, whether before or after an event of default, Secured Party shall be deemed to have exercised reasonable care in the custody and preservation of the collateral, if Secured Party takes such action for that purpose as deemed appropriate by the Secured Party under the circumstances.

### Proceeds and Products from Collateral

Unless waived by secured party, all proceeds, and products from the disposition of the collateral, for whatever reason, shall be held in trust for Secured Party and shall not be commingled with any other accounts or funds without the consent of the Secured Party. Notice of such proceeds shall be delivered to Secured Party immediately upon receipt. Except for inventory sold or accounts collected in the ordinary course of debtor's public business. Debtor agrees not to sell, offer to sell, or otherwise transfer or dispose of the collateral; nor to pledge, mortgage, encumber, or otherwise permit the collateral to be subject to a lien, security interest, encumbrance, or charge, other than the security interested established by this agreement without the prior written consent of the Secured Party.

Secured Party: Timm, Michael, William
DEBTOR: MICHAEL WILLIAM TIMM

# PRIVATE SECURITY AGREEMENT

### Maintenance of Collateral

Debtor agrees to maintain all tangible collateral in good condition and repair, and not to commit or permit damage to or destruction of the collateral or any part of the collateral. Secured Party and his designated representatives and agents shall have the right at all reasonable times to examine, inspect, and audit the collateral wherever located. Debtor shall immediately notify secured party of all cases involving the return, rejection, repossession, loss, or damage of or to the collateral; of all requests for credit or adjustment of collateral, or dispute arising with respect to the collateral; and generally, of all happenings and events affecting the collateral or the value or the amount of the collateral.

### Compliance with Law

Debtor shall comply promptly with all laws, ordinances, and regulations of all governmental authorities applicable to the production, disposition, or use of the collateral. Debtor may contest in good faith any such law, ordinance, or regulation without compliance during a proceeding, including appropriate appeals, so long as Secured Party's interest in the collateral, in Secured Party's opinion, is not jeopardized. Secured Party may, at his option, intervene in any situation that appears to place the collateral in jeopardy.

### Public Disputes

Debtor agrees to pay all applicable taxes, assessments, and liens upon the collateral when due; provided that such taxes, assessments, and liens are proved to be superior to the lawful claim established by this agreement and subsequently perfected by the Secured Party by appropriate registration. In the event that debtor elects to dispute such taxes, assessments, and liens, Secured Party's interest must be protected at all times, at the sole opinion of the Secured Party, who may, at his option, intervene in any situation that appears to jeopardize secured party's interest in the collateral. Debtor may elect to continue pursuit of dispute of such taxes, assessments, and liens, only upon production of a surety bond by public claimant(s), in favor of the secured party, sufficient to protect secured party from loss, including all costs and fees associated with such dispute. Should public judgment against the debtor result from such dispute, debtor agrees to satisfy such judgment from its accounts established and managed by the UNITED STATES or its subdivisions, agents, officers, or affiliates, so as not to adversely affect the Secured Party's interest in the Collateral.

### Indemnification

Debtor hereby indemnifies Secured Party from all harm as expressed in the attached indemnity bond, incorporated herein as if fully set forth within this security agreement.

### SUBORDINATION OF DEBTOR'S DEBTS
### TO SECURED PARTY

Providing Secured Party, subsequent to the execution of this agreement, perfects his security interest in the collateral by appropriate registration, debtor agrees that its indebtedness to the Secured Party, whether now existing or hereafter created, shall have priority over unregistered claims that third parties may raise against debtor or the collateral, whether or not debtor becomes insolvent. Debtor hereby expressly subordinates any claim that the debtor may have against Secured Party, upon any account whatsoever, to the claim that Secured Party has or will have against the debtor.

If Secured Party so requests, all notes or credit agreements now or hereafter established, evidencing debts or obligation of debtor to third parties, shall be marked with a legend that the same are subject to this agreement and shall be delivered to Secured Party. Debtor agrees, and secured party hereby is authorized, in the name of the debtor, to execute and file such financing statements and other commercial statements, as Secured Party deems necessary or appropriate to perfect, preserve, and enforce his rights under this agreement.

Secured Party: Timm, Michael, William
DEBTOR: MICHAEL WILLIAM TIMM

# PRIVATE SECURITY AGREEMENT

### FIDELITY BOND

Know all men by these presents, that DEBTOR, MICHAEL WILLIAM TIMM, establishes this bond in favor of the Secured Party, Timm, Michael, William in the sum of present Collateral Values up to the penal sum of One Hundred Billion United States Dollars ($ 100,000,000,000.00), for the payment of which bond, well and truly made, DEBTOR binds DEBTOR and DEBTOR'S heirs, executors, administrators, and third-party assigns, jointly and severally, by these presents.

The condition of the above bond is: the Secured Party covenants to do certain things on behalf of DEBTOR, as set forth above in Agreement, and DEBTOR, with regard to conveying goods and services in Commercial Activity to the Secured Party, covenants to serve as a 'commercial' transmitting utility therefore and, as assurance of fidelity, grants to the Secured Party a Security Interest in the herein below described Collateral.

This bond shall be in force and effect as of the date hereon and until the DEBTOR, MICHAEL WILLIAM TIMM, is released from liability by the written order of the UNITED STATES GOVERNMENT and provided that said Debtor's Surety; Timm, Michael, William, may cancel this bond and be relieved of further liability hereunder by delivering thirty (30) day written notice to DEBTOR. No such cancellation shall affect any liability incurred or accrued hereunder prior to the termination of said thirty (30) day period. In such event of notice of cancellation, DEBTOR agrees to reissue the bond before the end of said thirty (30) day period for an amount equal to or greater than the above-stated value of this Security Agreement, unless the Parties agree otherwise.

### INDEMNITY CLAUSE

DEBTOR, without the benefit of discussion or division, does hereby agree, covenant, and undertake to indemnify, defend, and hold the Secured Party harmless from and against any and all claims, losses, liabilities, costs, interests, and expenses, hereinafter referred to as "Claims" or "Claim," which Claims include, without restriction: all legal costs, interests, penalties, and fines suffered or incurred by the Secured Party, in accordance with the Secured Party's personal guarantee with respect to any loan or indebtedness of DEBTOR, including any amount DEBTOR might be deemed to owe to any creditor for any reason whatsoever.

The Secured Party shall promptly advise DEBTOR of any Claim and provide DEBTOR with full details of said Claim, *inter alia*, copy of any document, correspondence, suit, or action received by or served upon the Secured Party. The Secured Party shall fully cooperate with DEBTOR in any discussion, negotiation, or other proceeding relating to any Claim.

### OBLIGATIONS SECURED

The security interest granted herein secures any and all indebtedness and liability whatsoever of DEBTOR to the Secured Party, whether direct or indirect absolute or contingent, due or to become due, now existing or hereafter arising, and however evidenced.

### COLLATERAL

The collateral to which this Security Agreement pertains to, *inter alia*, all herein below describes personal and real property of DEBTOR, now owned or hereafter, acquired by DEBTOR, in which the Secured Party holds all interest; DEBTOR retains possession and use, and rights of possession and use, of all collateral, and all proceeds, products, accounts, and fixtures, and the Orders there from, are released to DEBTOR.

Before any of the below-itemized property can be disbursed, exchanged, sold, tendered, forfeited, gifted, transferred, surrendered, conveyed, destroyed, disposed of, or otherwise removed from DEBTOR'S possession, settlement via Notice of Lien herein must be satisfied in full and acknowledgment of same completed to satisfaction of Secure Party.

1. All proceeds, products, accounts, and fixtures from crops, mine head, wellhead. with transmitting utilities, etc;

# PRIVATE SECURITY AGREEMENT

2. All rents, wages, and income;

3. All land, mineral, water, and air rights;

4. All cottages, cabins, houses, and buildings;

5. All bank accounts, bank "safety" deposit boxes and the contents therein, credit card accounts, mutual fund accounts, certificates of deposit accounts, checking accounts, savings accounts, retirement plan accounts, stocks, bonds, securities, and benefits from trusts;

6. All inventory in any source;

7. All machinery, either farm or industrial;

8. All boats, yachts, and watercraft, and all equipment, accoutrements, baggage, and cargo affixed or pertaining thereto or stowed therein, *inter alia*: all motors, engines, ancillary equipment, accessories, parts, tools, instruments, electronic equipment, navigation aids, service equipment, lubricants, and fuels and fuel additives;

9. All aircraft, gliders, balloons, and all equipment, accoutrements, baggage, and cargo affixed or pertaining thereto or stowed therein, *inter alia*: all motors, engines, ancillary equipment, accessories, parts, tools, instruments, electronic equipment, navigation aids, service equipment, lubricants, and fuels and fuel additives;

10. All motor homes, trailers, mobile homes, recreational vehicles, house, cargo, and travel trailers, and all equipment, accoutrements, baggage, and cargo affixed or pertaining thereto or stowed therein, *inter alia*: all ancillary equipment, accessories, parts, service equipment, lubricants, and fuel additives;

11. All livestock and animals, and all things required for the care, feeding, use, and husbandry thereof;

12. All vehicles, autos, trucks, four-wheel vehicles, trailers, wagons, motorcycles, bicycles, tricycles, wheeled conveyances;

13. All computers, computer-related equipment and accessories, electronically stored files or data, telephones, electronic equipment, office equipment and machines;

14. All visual reproduction systems, aural reproduction Systems, motion pictures, films, video tapes, audio tapes, soundtracks, compact discs, phonograph records, film, video and aural production equipment, cameras, projectors, and musical instruments;

15. All manuscripts, booklets, pamphlets, treatises, treatments, monographs, stories, written material, Libraries, plays, screenplays, lyrics, songs, music;

16. All books and records of DEBTOR;

17. All Trademarks, Registered Marks, copyrights, patents, proprietary data and technology, inventions, royalties, good will;

18. All scholastic degrees, diplomas, honors, awards, meritorious citations;

19. All records, diaries, journals, photographs, negatives, transparencies, images, video footage, film footage, drawings, sound records, audio tapes, video tapes, computer production or storage of all kinds whatsoever, of DEBTOR;

20. All fingerprints, footprints, palm prints, thumbprints, RNA materials, DNA materials, blood and blood factions, biopsies, surgically removed tissue, bodily parts, organs, hair, teeth, nails, semen, urine, other bodily fluids or matter, voiceprint, retinal image, and the descriptions thereof, and all other corporal identification factors, and

PSA-050519949701-MWT                      Page 6 of 19                      Secured Party: Timm, Michael, William
                                                                           DEBTOR: MICHAEL WILLIAM TIMM

# PRIVATE SECURITY AGREEMENT

said factors' physical counterparts, in any form, and all records, record numbers, and information pertaining thereto;

21. All biometrics data, records, information, and processes not elsewhere described, the use thereof, and the use of the information contained therein or pertaining thereto;

22. All Rights to obtain, use, request, or refuse or authorize the administration of, any food, beverage, nourishment, or water, or any substance to be infused or injected into, or affecting the body by any means whatsoever;

23. All Rights to request, refuse, or authorize the administration of, any drug, manipulation, material, process, procedure, ray, or wave which alters, or might alter the present or future state of the body, mind, spirit, or will by any means, method, or process whatsoever;

24. All keys, locks, lock combinations, encryption codes or keys, safes, secured places, and security devices, security programs, and any software, machinery, or devices related thereto;

25. All Rights to access and use utilities upon payment of the same unit costs as the comparable units of usage offered to most-favored customers, *inter alia*, cable, electricity, garbage, gas, Internet, satellite, sewage, telephone, water, www, and all other methods of communication, energy transmission, and food or water distribution;

26. All Rights to barter, buy, contract, sell, or trade ideas, products, services, or work;

27. All Rights to create, invent, adopt, utilize, or promulgate any system or means of currency, money, medium of exchange, coinage, barter, economic exchange, bookkeeping, record-keeping, and the like;

28. All Rights to use any free, rented, leased, fixed, or mobile domicile, as though same were a permanent domicile, free from requirement to apply for or obtain any government license or permission and free from entry, intrusion, or surveillance, by any means, regardless of duration of lease period, so long as any required lease is currently paid or a subsequent three-day grace period has not expired;

29. All Rights to manage, maneuver, direct guide, or travel in any form of automobile or motorized conveyance whatsoever without any requirement to apply for or obtain any government license, permit, certificate, or permission of any kind whatsoever;

30. All Rights to marry and procreate children, and to rear, educate, train, guide, and spiritually enlighten any such children, without any requirement to apply for or obtain any government license, permit, certificate, or permission of any kind whatsoever;

31. All Rights to buy, sell, trade, grow, raise, gather, hunt, trap, angle, and store food, fiber, and raw materials for shelter, clothing, and survival;

32. All Rights to exercise freedom of religion, worship, use of sacraments, spiritual practice, and expression without any abridgment of free speech, or the right to publish, or the right to peaceably assemble, or the right to petition Government for redress of grievances, or petition any military force of the United States for physical protection from threats to the safety and integrity of person or property from either "public" or "private" sources;

33. All Rights to Keep and Bear Arms for self-defense of self, family, and parties entreating physical protection of person or property;

34. All Rights to create, preserve, and maintain inviolable, spiritual sanctuary and receive into same any and all parties requesting safety and shelter;

35. All Rights to create documents of travel of every kind whatsoever, *inter alia*, those signifying diplomatic status and immunity as a free, independent, and Sovereign State-in-fact;

Secured Party: Timm, Michael, William
DEBTOR: MICHAEL WILLIAM TIMM

# PRIVATE SECURITY AGREEMENT

36. All claims of ownership or certificates of title to the corporeal and incorporeal hereditaments, hereditary succession, and all innate aspects of being, i.e. mind, body, soul, free will, faculties, and self;

37. All Rights to privacy and security in person and property, *inter alia*, all Rights to safety and security of all household or sanctuary dwellers or guests, and all papers and effects belonging to DEBTOR or any household or sanctuary dwellers or guests, against governmental, quasi-governmental, *defacto* governmental, or private intrusion, detainer, entry, seizure, search, surveillance, trespass, assault, summons, or warrant, except with proof of superior claim duly filed in the Commercial Registry by any such intruding party in the private capacity of such intruding party, notwithstanding whatever purported authority, warrant, order, law, or color of law may be promulgated as the authority for any such intrusion, detainer, entry, seizure, search, surveillance, trespass, assault, summons, or warrant;

38. All names used and all Corporations Sole executed and filed, or to be executed and filed, under said names;

39. All intellectual property, *inter alia*, all speaking and writing;

40. All signatures and seals;

41. All present and future retirement incomes, and rights to such incomes, issuing from any of DEBTOR'S accounts;

42. All present and future medical and healthcare rights, and rights owned through survivorship, from any of DEBTOR'S accounts;

43. All applications, filings, correspondence, information, identifying marks, image licenses or travel documents, materials, permits, registrations, and records and records numbers held by any entity, for any purpose, however acquired, as well as the analyses and uses thereof, and any use of any information and images contained therein, regardless of creator, method, location, process, or storage form, *inter alia*, all processed algorithms analyzing, classifying, comparing, compressing, displaying, identifying, processing, storing, or transmitting said applications, filings, correspondence, information, identifying marks, image licenses or travel documents, materials, permits, registrations, and records and records numbers, and the like;

44. All library cards;

45. All credit, charge, and debit cards, and mortgages, notes, applications, card numbers, and associated records and information;

46. All credit of DEBTOR;

47. All traffic citations/tickets;

48. All parking citations/tickets;

49. All court cases and judgements, past, present, and future, in any court whatsoever, and all bonds, orders, warrants, indictments, information, and other matters attached thereto or derived there from;

50. All precious metals, bullion, coins, jewelry, precious jewels, semi-precious stones, mounts, and any storage boxes within which said items are stored;

51. All tax correspondence, filings, notices, coding, record numbers, and any information contained therein, wherever and however located, and no matter by whom said information was obtained, compiled, codified, recorded, stored, analyzed, processed, communicated, or utilized;

52. All bank accounts, bonds, certificates of deposit, drafts, futures, insurance policies, investment securities, Individual Retirement Accounts, money market accounts, mutual funds, notes, options, puts, calls, pension plans, savings accounts, stocks, warrants, 401-K's, and the like;

Secured Party: Timm, Michael, William
DEBTOR: MICHAEL WILLIAM TIMM

# PRIVATE SECURITY AGREEMENT

53. All accounts, deposits, escrow accounts, lotteries, overpayments, prepayments, prizes, rebates, refunds, returns, Treasury Direct Accounts, claimed and unclaimed funds, and all records and records numbers, correspondence, and information pertaining thereto or derived there from;

54. All cash, coins, money, Federal Reserve Notes, and Silver Certificates;

55. All drugs, herbs, medicine, medical supplies, cultivated plants, growing plants, inventory, ancillary equipment, supplies, propagating plants, and seeds, and all related storage facilities and supplies;

56. All products of and for agriculture, and all equipment, inventories, supplies, contracts, accoutrements involved in the planting, tilling, harvesting, processing, preservation, and storage of all products of agriculture;

57. All farm, lawn, and irrigation equipment, accessories, attachments, hand-tools, implements, service equipment, parts, and supplies, and storage sheds and contents;

58. All fuel, fuel tanks, containers, and involved or related delivery systems;

59. All metal-working, woodworking, and other such machinery, and all ancillary equipment, accessories, consumables, power tools, hand tools, inventories, storage cabinets, toolboxes, work benches, shops, and facilities;

60. All camping, fishing, hunting, and sporting equipment, and all special clothing, materials, supplies, and baggage related thereto;

61. All rifles and guns and related accessories, and ammunition and the integral components thereof;

62. All radios, televisions, communication equipment, receivers, transceivers, transmitters, antennas, and towers, and all ancillary equipment, supplies, computers, software programs, wiring, and related accoutrements and devices;

63. All power-generating machines or devices, and all storage, conditioning, control, distribution, wiring, and ancillary equipment pertaining or attached thereto;

64. All computers and computer Systems and the information contained therein, as well as all ancillary equipment, printers, and data compression or encryption devices and processes;

65. All office and engineering equipment, furniture, ancillary equipment, drawings tools, electronic and paper files, and items related thereto;

66. All water wells and well-drilling equipment, and all ancillary equipment, chemicals, tools, and supplies;

67. All shipping, storing, and cargo containers, and all chassis, truck trailers, vans, and the contents thereof; whether on-site, in transit, or in storage anywhere;

68. All building materials and prefabricated buildings, and all components or materials pertaining thereto, before or during manufacture, transportation, storage, building, erection, or vacancy while awaiting occupancy thereof;

69. All communications and data, and the methods, devices, and forms of information storage and retrieval, and the products of any such stored information;

70. All books, drawings, magazines, manuals, and reference materials regardless of physical form;

71. All artwork, paintings, etchings, photographic art, lithographs, and serigraphs, and all frames and mounts pertaining or affixed thereto;

72. All food, and all devices, tools, equipment, vehicles, machines, and related accoutrements involved in food preservation, preparation, growth, transport, and storage;

Secured Party: Timm, Michael, William
DEBTOR: MICHAEL WILLIAM TIMM

# PRIVATE SECURITY AGREEMENT

73. All construction machinery and all ancillary equipment, supplies, materials, fuels, fuel additives, supplies, materials, and service equipment pertaining thereto;

74. All medical, dental, optical, prescription, and insurance records, records numbers, and information contained in any such records or pertaining thereto;

75. The Will of DEBTOR;

76. All inheritances gotten or to be gotten;

77. All wedding bands and rings, watches, wardrobe, and toiletries;

78. All household goods and appliances, linen, furniture, kitchen utensils, cutlery, tableware, cooking utensils, pottery, antiques;

79. All businesses, corporations, companies, trusts, partnerships, limited partnerships, organizations, proprietorships, and the like, now owned or hereafter acquired, and all books and records thereof and there from, all income there from, and all accessories, accounts, equipment, information, inventory, money, spare parts, and computer software pertaining thereto;

80. All signatures on all applications for and all value associated with all certificates of birth documents of all children and grandchildren of the natural man Secured Party, and all said documents themselves;

81. All signatures on all applications for social security numbers, and all value associated with DEBTOR or Secured Party;

82. All signatures on all applications for and all value associated with MARION County Sheriff's Office;

83. All signatures on all applications for and all value associated with all passports for the natural man Secured Party and his children and grandchildren;

84. All documents as recorded in the public record by and for the natural man Secured Party as indicated herein;

85. All private addresses of the natural man Secured Party as indicated herein;

86. All signatures on all applications for and all value associated with all public addresses;

87. All private, registered, bond/account numbers; and all bonds and notes tendered to any and all entities, including the Department of the Treasury, banks, creditors, corporations, etc;

88. All packages, parcels, envelopes, or labels of any kind whatsoever which are addressed to, or intended to be addressed to, DEBTOR, whether received or not received by DEBTOR;

89. All telephone numbers;

90. Any property not specifically listed, named, or specified by make, model, serial number, etc., is expressly herewith included as collateral of DEBTOR as applies to any and all 'property' as described in detail in additional filed UCC-1's or UCC-3's under necessity in the exercise of the right of Redemption in behalf of the Debtor.

**NOTE:** Secured Party reserves the right to add or amend this private security agreement by addition of Schedule A's as needed or necessary on behalf of the Debtor.

Secured Party: Timm, Michael, William
DEBTOR: MICHAEL WILLIAM TIMM

# PRIVATE SECURITY AGREEMENT

### ADVISORY

All instruments and documents referenced/itemized above are accepted for value, with all related endorsements, front and back, in accordance with UCC § 3-419 and House Joint Resolution 192 of June 5, 1933.

This Security Agreement is accepted for value, property of the Secured Party, and not dischargeable in bankruptcy court as the Secured Party's property is exempt from third-party levy. This Security Agreement supersedes all previous contracts or security agreements between DEBTOR and the Secured Party.

DEBTOR agrees to notify all of DEBTOR'S former creditors, would-be creditors, and any would-be purchasers of any herein-described Collateral, of this Security Agreement, and all such personages are expressly so-noticed herewith.

This Security Agreement devolves on the Secured Party's heirs and assigns, who are equally as authorized, upon taking title to this Security Agreement, as the Secured Party to hold and enforce said Security Agreement via non-negotiable contract, devise, or any lawful commercial remedy.

The Secured Party will sign by accommodation on behalf of the Debtor when necessary wherever the signature of the Debtor will be required. Secured Party signs for the Debtor as 'agent' and/or 'Authorized Representative' of the Debtor. The Secured Party reserves the right to make sufficient claims to secure such indebtedness until satisfied in whole.

The Secured Party may/shall issue a binding commitment to extend credit in any capacity or matter, whether or not reimbursed in the event of dishonor or difficulties in collection; and the Secure Party in providing the security for payment (discharge) of all sums due or owing, or to become due or owing by the Debtor per any and all due commercial public or corporate presentments via contract or otherwise upon the debtor.

### DEFAULT

The following shall constitute the event(s) of default hereunder:

1.  Failure by DEBTOR to pay any debt secured hereby when due;

2.  Failure by DEBTOR to perform any obligations secured hereby when required to be performed;

3.  Any breach of any warranty by DEBTOR contained in this Security Agreement; or

4.  Any loss, damage, expense, or injury accruing to Secured Party by virtue of the commercial Transmitting-Utility function of DEBTOR.

5.  Evidence that a statement, warranty, or representation made or implied in this agreement by DEBTOR, is false or misleading in any material respect either now or at the time made or furnished.

6.  Dissolution of termination of DEBTOR'S existence as a legal entity, the insolvency of DEBTOR, the appointment of a receiver for all or any portion of DEBTOR'S property, an assignment for the benefit of public creditors, or the commencement of proceedings under bankruptcy or insolvency laws by or against DEBTOR.

7.  Commencement of foreclosure, whether by action of a tribunal, self-help, repossession, or other method, by a creditor of DEBTOR against the collateral.

8.  Garnishment of DEBTOR'S deposit accounts or employment funds.

### Cure of Default

If a fault or dishonor under this agreement is curable through an account held by debtor but managed by the UNITED STATES or one of its subdivisions, agents, officers, or affiliates, such fault or dishonor may be cured by the debtor with

Secured Party: **Timm, Michael, William**
DEBTOR: MICHAEL WILLIAM TIMM

# PRIVATE SECURITY AGREEMENT

authorization by Secured Party; and upon advice by the fiduciary that the fault or dishonor has been cured; and no event of default will have occurred. A dishonor under this agreement, initiated by third party intervention, will not cause a default if such intervention is challenged by debtor by its good faith effort to confirm or disprove the validity or reasonableness of a public claim which is the basis of the public creditor's proceeding; but debtor must, in that event, deposit such surety with secured party as is necessary to indemnify the secured party from loss.

### Acceleration

In the event of default, Secured Party may declare the entire indebtedness immediately due and payable without notice.

### Liquidation of Collateral

In the event of default, Secured Party shall have full power to privately or publicly sell, lease, transfer, or otherwise deal with the collateral or proceeds or products there-from, in his own name or in the name of the debtor. All expenses related to the liquidation of collateral shall become a part of the debtor's indebtedness. Secured Party may, at his discretion, transfer part or all of the collateral to his/her own name or to the name of nominee.

### Rights and Remedies

The Secured Party shall have all the rights and remedies of a Secured Creditor under the provisions of the Uniform Commercial Code as it has been adopted in the state where part or all of the collateral is located or presumed to be located, including but not limited to, the right to proceed with self-help with or without a public court or tribunal. Rights and remedies available to secured party may be exercised singularly or jointly and in all venues and jurisdictions concurrently at the sole discretion of the Secured Party.

### MISCELLANEOUS PROVISIONS
### Amendments

This agreement, together with all related documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this agreement. No alteration of or amendment to this agreement shall be effective unless expressed in writing and signed by both parties.

### Applicable Law

The governing law of this Agreement is the agreement of the Parties, supported by the Uniform Commercial Code as adopted by the legislature of all States and the **STATE OF FLORIDA**, international contract law, the unwritten Law Merchant as practiced before the Uniform Commercial Code was promulgated and applicable maxims of law.

### Expenses

Debtor agrees to pay upon demand, from such accounts as debtor may have, all Secured Party's costs and expenses, including reasonable attorney's fees and other expenses incurred by the Secured Party to defend or enforce the provisions of this agreement.

### Indebtedness

The word "indebtedness" means the indebtedness evidenced by this agreement as a claim against the debtor and all its present and future possessions identified in this agreement as collateral; and all public obligations, debts, and liabilities ascribed to debtor through its contracts and agreements, whether expressed or implied, known or unknown, or actual or constructive, that are with the UNITED STATES or its subdivisions, agents, officers, affiliates, or other public entities; and all claims made by Secured Party against debtor, whether existing now or in the future, whether they are voluntary or involuntary, due or not due, direct or indirect, absolute or contingent, liquidated or unliquidated, regardless of whether debtor is or may be liable individually or jointly, or is obligated as, or beneficiary of, a surety or accommodation party.

Secured Party: Timm, Michael, William
DEBTOR: MICHAEL WILLIAM TIMM

# PRIVATE SECURITY AGREEMENT

### Related Documents

The phrase "related documents" means all promissory notes, credit agreements, loan agreements, guaranties, security agreements, mortgages, deeds of trust, applications, accounts, licenses, policies, permits, identification cards, account cards, receipts, forms, and all other documents and instruments that debtor or its previous surety has or will execute in connection with the debtor's total indebtedness.

### Notices

Except for revocation notices by debtor, all notices required to be given by either party under this agreement, shall be in writing and shall be effective when actually delivered or when deposited with the United States Post Office or a nationally recognized courier service, first class postage prepaid, addressed to the party to whom the notice is to be given at the address shown on this agreement or to such other address as either party may designate to the other in writing.

### Severability

If one or more provisions of this agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a qualified court finds that one or more provisions of this agreement is invalid or unenforceable, but that by limiting such provision(s) it would become valid or enforceable, such provision(s) shall be deemed to be written, construed, and enforced as so limited. In the event that such a finding and limitation causes damage or hardship to either party, the agreement shall be amended in a lawful manner to make all parties whole.

### Waiver of Contractual Right

The failure of either party to enforce one or more provisions of this agreement shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this agreement. Secured party shall not be deemed to have waived rights under this agreement unless such waiver is given in writing and signed by secured party. No delay or omission on the part of Secured Party in exercising a right shall operate as a waiver of such right or any other right. A waiver by Secured Party of a provision of this agreement shall not prejudice or constitute a waiver of secured party's right otherwise to demand strict compliance with that provision or any other provision of this agreement. No prior waiver by Secured Party, nor any course of dealing between secured party and debtor, shall constitute a waiver of Secured Party's rights or of debtor's obligations under this agreement as to future transactions. Whenever the consent of Secured Party is required under this agreement, the granting of such consent by secured party in one instance shall not constitute consent over the whole.

### Ambiguities and Interpretation

Each party acknowledges receipt of this agreement and has had the opportunity to have counsel review it. Any rule of construction claiming ambiguities is to be resolved against the drafting party and shall not apply in the interpretation of this agreement or its amendments. All statements in this instrument are important to the parties. Misunderstandings have been resolved prior to execution.

### Authority to Represent

A signer of this agreement on behalf of a legal entity certifies that he has the authority to sign this agreement and that this transaction has been duly authorized by such entity.

### Gender

All references within this agreement to a specific gender, include the other.

**Note:** The Secured Party reserves the right to satisfy any judgment, lien, levy, debt, or obligation. whether unsecured, secured, or purported to be secured, against DEBTOR by executing a Bill of Exchange or Promissory Note against the Fidelity Bond registered herewith under necessity, as the Secured Party may select.

Secured Party: Timm, Michael, William
DEBTOR: MICHAEL WILLIAM TIMM

# PRIVATE SECURITY AGREEMENT

### SIGNATURES

#### Applicable to all Successors and Assigns

The Secured Party executes this Security Agreement certified and sworn on the Secured Party's unlimited liability true, correct, and complete, and accepts all signatures in accord with **UCC § 3-419**.

**MICHAEL WILLIAM TIMM, DEBTOR:**

MICHAEL WILLIAM TIMM                    By: _Timm, Michael, William_
                                            Timm, Michael, William, Secured Party

                                            Date: 6/21/2021

### ACKNOWLEDGEMENT

State of Florida          }
                          } SS
County of Marion          }

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____21_____ day of ___June___, 2021, personally appeared **Michael Timm**, personally known to me or proved to me on the basis of satisfactory evidence to be the person described above states that he is the person who executed this foregoing instrument for the reasons expressed therein.

_Heidi C. Carl_
Notary Public.

_____
Commission Expiration Date of Notary.

Seal:

HEIDI C. CARLMAN
Commission # GG 200870
Expires March 28, 2023
Bonded Thru Troy Fain Insurance 800-385-7019

See attached: Schedule A' and Indemnity Bond.

# PRIVATE SECURITY AGREEMENT
## SCHEDULE A

This 'Schedule A' dated ___6/21/2021___ attached to and incorporated in the attached security agreement dated the same date, as though fully set forth therein. The following partial itemization of property constitutes a portion of the collateral referenced in said security agreement and is not intended to represent the actual and full extent of said collateral. This Schedule A supplements previous security agreements describing collateral, that may have been entered by the same parties.

1. Income from every source,

2. Proceeds of Secured Party's labor from every source,

3. Applications for STATE OF FLORIDA Certificate of Live Birth # **109-94-069907** ( **Local File # 6094-5001**), all applications for CERTIFICATES OF BIRTH # **109-94-069907**, all applications for CERTIFICATE OF BIRTH FLORIDA STATE FILE # **109-1994-069907**, notifications of Registration of Birth, or Certificates of Registration of Birth, or otherwise entitled documents of birth whether county, state, federal, or other either ascribed to or derived from the name of the debtor or Credito identified above, or based upon the above described birth document;

4. STATE OF **FLORIDA** CERTIFICATION OF BIRTH STATE FILE # **109-1994-069907** and Control # **41680151**, Control # **40785953**, and Control # **40785952**;

5. CERTIFICATE OF BIRTH # **109-94-069907**, and Control # **4109277**;

6. STATE OF FLORIDA Certificate of Live Birth # **109-94-069907**, Local File # **6094-5001** and Control # **42449931**, Control # **42449930**, and Control # **42005179**;

7. Authentication # **21029105-2**;

8. Authentication # **21029105-1**;

9. Application for Social Security # **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** and Control # **G69432294**;

10. Social Security # **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** and Control # **G69432294**;

11. Exemption Identification # **594419701**;

12. STATE OF FLORIDA DRIVER LICENSE # **T500-559-94-165-1**;

13. PASSPORT # **548735753**;

14. Private Security Agreement Item # **PSA-050519949701-MWT**;

15. Power of Attorney Item # **POA-050519949701-MWT**;

16. Common Law Copyright Notice Item # **CLCN-050519949701-MWT**;

17. Hold Harmless & Indemnity Agreement Item # **HHIA-050519949701-MWT**;

18. CHASE SAPPHIRE account # **4147202456978038**;

19. Florida Credit Union Debit Card # **4357161013257101**;

20. BB&T Bank Credit Card # **4616081119570099**;

21. State of Florida EBT Card # **5081392117523102**;

22. Triple A, "AAA" Club Code Membership Number # **4290146759540208**;

23. Synchrony Bank account # **1900010000706455**;

Secured Party: Timm, Michael, William
DEBTOR: MICHAEL WILLIAM TIMM

# PRIVATE SECURITY AGREEMENT

24. Axiom Bank Account # **2101195903;**

25. Best Buy Member ID # **2101195903;**

26. Bank of America Account # **898074303806;**

27. Capitol One Account # **6206179829702;**

28. College of Central Florida Student ID # **552860;**

29. Direct Auto Insurance Contract/Policy # **FLPA131038142;**

30. Florida Credit Union Checking Account # **1080000493175;**

31. Florida Credit Union Savings Account # **101000493175;**

32. Florida Credit Union Member # **493175;**

33. NETSPEND Account # **9000145629555947;**

34. Ocala Electric Utility account **537911-198259;**

35. United Airlines Milage Plus Account # **MF074218;**

36. HERTZ rental cars Member # **65601546;**

37. Florida Marion County Case # **422019CF002703CFCXXX Filed with Clerk on 07/16/2019** and all commercial items/CUPICs there in related;

38. Florida Marion County Case # **422019CF002743CFAXXX Filed with Clerk on 07/16/2019** and all commercial items/CUPICs therein related;

39. Florida Marion County Case # **422018TR018574TRAXXX;**

40. Florida Marion County Case # **422018TR005625TRAXXX;**

41. Florida Marion County Case # **422018TR005627TRAXXX;**

42. Florida Marion County Case # **422017TR008990TRAXXX;**

43. Florida Marion County Case # **422017TR008990TRAXXX;**

44. Florida Marion County Case # **422017TR008999TRAXXX;**

45. Florida Marion County Case # **422016MM003609MMAXXX;**

46. Florida Marion County Case # **422015TR026603TRAXXX;**

47. Florida Marion County Case # **422014TR005762TRAXXX;**

48. Florida Marion County Case # **422013MM003073MMAXXX;**

49. Florida Marion County Case # **422013MM002616MMAXXX;**

50. **SPFA-PCP CERTIFIED ASSISTANT # S00688;**

51. **STATE OF FLORIDA Boating Safety Education I.D. Card #:0000000868800;**

52. Florida Department of Corrections Inmate **#0218725;**

53. Marion County Jail I.D. **#0218725;**

Secured Party: Timm, Michael, William
DEBTOR: MICHAEL WILLIAM TIMM

# PRIVATE SECURITY AGREEMENT

54. UNITED STATES DEPARTMENT OF TRANSPORTATION-FEDERAL AVIATION ADMINISTRATION STUDENT PILOT CERTIFICATION #**4235848**;

55. Avtomat Kalashnikova-47 (AK-47) # **037879**;

56. CERTIFICATE OF ORIGIN VEHICLE IDENTIFICATION # **4YMBU0810KG059597** and Control # **7129384** and INVOICE #**11918955**;

57. U-HAUL EQUIPMENT CONTRACT # **93862295**;

58. CERTIFICATE OF TITLE IDENTIFICATION # **5NPEB4AC5EH867906** and related control # **139522468**;

59. 2019 SUZUKI RM-Z250L9 serial No./VIN # **JS1EC11C7K7100435** and Title # **134992859**;

60. 2019 SUZUKI RM-Z250L9 Serial No./VIN # **JS1EC11C4K7100330** and Title # **134992908**;

61. OFF-HIGHWAY VEHICLE IDENTIFICATION # **134992908**;

62. OFF-HIGHWAY VEHICLE IDENTIFICATION # **134992859**;

63. Registered Mail # **RE397592620US**;

64. Registered Mail # **RE397592633US**;

65. Registered Mail # **RE397592647US**;

66. Bond # **397592620**;

67. Bond # **397592633**;

68. Bond # **397592647**;

69. Bond # **MWTOB0000001**;

70. Bond # **MWTIB0000001**;

71. All UCC-1 Filings including all addendums.

72. All property listed on the **"Notice Intent-Fee Schedule"** that is filed in **MARION** COUNTY, **FLORIDA** register of deeds office, including but not limited to the following: all DNA, fingerprints, all biological identification, all blood, all bodily fluids, all bodily excretions, all organs, all body parts, all bodily tissues, all thoughts, all intellectual property, are the sole property of Timm, Michael, William, the Secured Party Creditor. These items of property cannot be taken, used, duplicated, confiscated, confined, restrained, abused, damaged, influenced, or removed from the Secured Party Timm, Michael, William, without his voluntary, written permission. Any violation of this agreement will constitute a penalty of one hundred million 99.999% one-ounce silver coins, per occurrence, per officer or agent involved. This is a contract in admiralty, and you may rebut this contract within **30** days. To respond and rebut the presumptions of this contract submit to me signed, certified, authenticated documents of the laws that rebut these presumptions point by point, On and For the Record under penalties of the law including perjury. This document is on file in the register of deed office in **MARION COUNTY, FLORIDA**.

All Property Belonging to the Debtor belongs to the Creditor, including equity and improvements. See Florida UCC-1, and **"Notice Intent-Fee Schedule"** for complete property list.

# PRIVATE SECURITY AGREEMENT

### INDEMNITY BOND

Know all men by these presents, that MICHAEL WILLIAM TIMM, the Debtor, hereby establishes this Indemnity Bond in favor of Timm, Michael, William, the Secured Party, in the sum of present and future collateral values up to the sum One Hundred Billion United States dollars ($100,000,000,000.00) in silver dollars, fiat money, or money of account/credit, at par value, for the payment of which bond the debtor hereby firmly binds its successors, heirs, executors, administrators, DBA's, AKA's, and third-party assigns, jointly and severally.

The debtor hereby indemnifies the Secured Party against losses incurred as a result of all claims of debts or losses made by any and all persons against the commercial transactions and investments of the debtor. The condition of this bond is that Secured Party covenants to do certain things on behalf of the debtor, as set forth in this security agreement of the same date and executing parties; and debtor covenants to serve as a transmitting utility to assure beneficial interest in all accounts established and managed by the UNITED STATES AND its agent(s), corporations or otherwise; and all goods and services in commerce are available to or conveyed from debtor to Secured Party, whichever is appropriate.

To avert losses of vested rights in the present or future collateral that is the subject of the attached security agreement, debtor agrees to make available to the secured party, such accounts established by intent of the parties, by operation of law, and/or as constructive trusts, to hold proceeds arising from assets belonging to the debtor, and administered by the UNITED STATES or its subdivisions, agents, or affiliates. Pursuant to existing laws of the UNITED STATES and the agreement of the parties of the attached security agreement, the Secured Party is authorized to assign such funds from said accounts as are necessary to settle all past, present and future public debts and obligations incurred by the debtor on behalf of the Secured Party.

The debtor, without the benefit of discussion or division, does hereby agree, covenant and undertake to indemnify, defend, and hold the Secured Party harmless from and against any and all claims, losses, liabilities, costs, interests, and expenses including, without restriction, legal costs, interests, penalties, and fines previously suffered or incurred, or to be suffered or incurred by the Secured Party, in accordance with the Secured Party's personal guarantee with respect to loans or indebtedness belonging to the debtor, including any amount the debtor might be deemed to owe to a public creditor for any reason whatsoever. The Secured Party shall promptly advise the debtor of all public claims brought by third parties against the present or future property of the debtor, all of which is covered by the attached security agreement up to the indemnification amount declared herein, and to provide the debtor with full details of said claim(s), including copies of all documents, correspondence, suits, or actions received by or served upon the debtor through the Secured Party. Secured Party shall fully cooperate with discussion, negotiation, or other proceedings relating to such claims.

This bond shall be in force and effect as of the date it is signed and accepted by the parties, and provided that secured party may cancel this bond and be relieved of further duty hereunder by delivering a thirty (30) day written notice of cancellation to the debtor. No such cancellation shall affect the liability incurred by or accrued to Secured Party prior to the conclusion of said thirty (30) day period. In such event of notice of cancellation, and in the event the UNITED STATES re-institutes its constructive claim against the collateral, the debtor agrees to reissue the bond before the end of the thirty (30) day period for an amount equal to or greater than the above value of the attached security agreement, unless the parties agree otherwise.

Secured Party: Timm, Michael, William
DEBTOR: MICHAEL WILLIAM TIMM

# PRIVATE SECURITY AGREEMENT

### NOTICE OF LIEN

This agreement constitutes an International Commercial Lien on all property (in each of their individual capacity/form/item) of the Debtor (Indemnitor) on behalf of, and for the benefit of, the Secured Party Creditor (Indemnitee) in the amount of $ 100,000,000,000.00 (ONE HUNDRED BILLION), in silver dollars, fiat money, or money of account/credit, at par value. This lien will expire at the moment that the indemnitee expires or when this lien is satisfied by any Third-Party Interloper who seeks to take/seize any of said property.

MICHAEL WILLIAM TIMM
MICHAEL WILLIAM TIMM, Indemnitor

By: _Timm, Michael, William_
Timm, Michael, William, Indemnitee

6/21/2021 MT
Date: _7/24/2021_

### ACKNOWLEDGEMENT

State of Florida        }
                        } SS
County of Marion        }

   SUBSCRIBED AND SWORN TO BEFORE ME THIS ___21___ day of ___June___, 2021, personally appeared **Michael Timm**, personally known to me or proved to me on the basis of satisfactory evidence to be the person described above states that he is the person who executed this foregoing instrument for the reasons expressed therein.

_Heidi C. Carl_
Notary Public.

HEIDI C. CARLMAN
Commission # GG 290670
Expires March 28, 2023
Bonded Thru Troy Fain Insurance 800-385-7019

Commission Expiration Date of Notary.

Seal:

Secured Party: Timm, Michael, William
DEBTOR: MICHAEL WILLIAM TIMM

EXHIBIT
B



# FLORIDA SECURED TRANSACTION REGISTRY

\*\*\*\*\*The attached is certified as a true and correct copy of Uniform Commercial Code file number 202107487375 of the records of this office. \*\*\*\*\*\*\*\*\*\*\*\*



7th JULY 2021
FLORIDAUCC, LLC
Designated Filing Office
Florida Secured Transaction Registry

By

Custodian of the Records



**FINANCING STATEMENT FORM**

**FILED**

A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON
MIKE; 3522395988
Email MIKEWTIMM5@GMAIL.COM

2021 Jun 21 07:32 PM
****** 202107487375 ******

B. SEND ACKNOWLEDGEMENT TO:

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - INSERT ONLY ONE DEBTOR NAME (1a OR 1b) - Do Not Abbreviate or Combine Names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME MICHAEL WILLIAM TIMM | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS Line One 4545 SW 60TH AVENUE | | This space not available. | |

| MAILING ADDRESS Line Two SUITE 773237 | CITY OCALA | STATE FL | POSTAL CODE 34477 | COUNTRY US |
|---|---|---|---|---|

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - INSERT ONLY ONE DEBTOR NAME (2a OR 2b) - Do Not Abbreviate or Combine Names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS Line One | | This space not available. | |

| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - INSERT ONLY ONE SECURED PARTY NAME (3a OR 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME TIMM | FIRST PERSONAL NAME MICHAEL | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS Line One C/O 1718 SW 29TH TERRACE | | This space not available. | |

| MAILING ADDRESS Line Two | CITY OCALA | STATE | POSTAL CODE [34474] | COUNTRY |
|---|---|---|---|---|

**4. This FINANCING STATEMENT covers the following collateral:**

Collater Information is on Attachment...

**5. ALTERNATE DESIGNATION** (if applicable)  ☐ LESSEE/LESSOR   ☐ CONSIGNEE/CONSIGNOR   ☐ BAILEE/BAILOR
☐ AG LIEN   ☐ NON-UCC FILING   ☐ SELLER/BUYER

**6. Florida DOCUMENTARY STAMP TAX** - YOU ARE REQUIRED TO CHECK EXACTLY ONE BOX
☐ All documentary stamps due and payable or to become due and payable pursuant to s. 201.22 F.S., have been paid.
☑ Florida Documentary Stamp Tax is not required.

**7. OPTIONAL FILER REFERENCE DATA**

STANDARD FORM - FORM UCC-1 (REV.05/2013)      Filing Office Copy      Approved by the Secretary of State, State of Florida

**STATE OF FLORIDA UNIFORM COMMERICAL CODE
FINANCING STATEMENT FORM - ADDENDUM**

**8. NAME OF FIRST DEBTOR (1a OR 1b) ON RELATED FINANCING STATEMENT**

8a. ORGANIZATION'S NAME

| 8b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| MICHAEL WILLIAM TIMM | | | |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**9. MISCELLANEOUS**

**10. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - INSERT ONLY ONE DEBTOR NAME (10a OR 10b) - Do Not Abbreviate or Combine Names

10a. ORGANIZATION'S NAME

| 10b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 10c. MAILING ADDRESS Line One | | | This space not available. | |
|---|---|---|---|---|
| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |

**11. ADDITIONAL SECURED PARTY'S NAME** or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - INSERT ONLY ONE SECURED PARTY NAME (11a OR 11b)

11a. ORGANIZATION'S NAME

| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 11c. MAILING ADDRESS Line One | | | This space not available. | |
|---|---|---|---|---|
| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |

**12. This FINANCING STATEMENT covers** ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☐ fixture filing.

**13. Description of real estate:**

**14. Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):**

**15. Additional collateral description:**

**16. Check only if applicable and check only one box.**
Collateral ☑ Held in Trust
☐ Being administrated by Decendent's Personal Representative

**17. Check only if applicable and check only one box.**
☑ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction - effective 30 years

STANDARD FORM - FORM UCC-1 ADDENDUM (REV.05/2013)    Filing Office Copy    Approved by the Secretary of State, State of Florida

This is the entry of collateral on behalf of the Creditor/Principal; Timm, Michael, William and of the Debtor; MICHAEL WILLIAM TIMM in the Commercial Chamber under necessity and the following property is hereby registered in the same: All Certificates of Live Birth Document # 109-94-069907, Local File No. 6094-5001 and Control #42449931, Control # 42449930, and Control # 42005179; all CERTIFICATES OF BIRTH # 109-94-069907, and Control # 4109277; All CERTIFICATES OF BIRTH STATE FILE # 109-1994-069907 and Control # 41680151, Control # 40785953, and Control # 40785952 as herein liened and claimed at a sum certain $100,000,000,000.00;
Private Security Agreement No. **PSA-050519949701-MWT**;
Power of Attorney No. **POA-050519949701-MWT**;
Common Law copyright Notice No. **CLCN-050519949701-MWT**;
Hold Harmless & Indemnity Agreement No. **HHIA-050519949701-MWT**;
Notice of Intent Fee Schedule: **Item # NIFS-050519949701-MWT**;
Affidavit of Status as Secured Party Creditor: **Item # ASPS-050519949701-MWT**;
Affidavit of Foreign Status: **Item # AFS-050519949701-MWT**;
Affidavit of Reservation of Rights: **Item # ARR-050519949701-MWT**;
Affidavit of Peacefull Inhabitance: **Item # API-050519949701-MWT**;
Affidavit of Tax-Exempt Status: **Item # ATES-050519949701-MWT**;
Authentication # 21029105-2;
Authentication # 21029105-2;
Florida State Driver License # ███████████;
Passport # ██████████;
SSN/UCC Contract Trust Account-prepaid account # ███████9701 and related Control # ███████2294; Exemption Identification Number: █████9701;
All Applications for Social Security # ██████9701;
Registered Mail # RE397592620US;
Registered Mail # RE397592633US;
Registered Mail # RE397592647US;
Bond # 397592620;
Bond # 397592633;
Bond # 397592647;
Bond # MWTOB0000001;
Bond # MWTIB0000001;
Florida Marion County Case # 422019CF002703CFCXXX Filed with Clerk on 07/16/2019 and all commercial items/CUSIPs related;
Florida Marion County Case # 422019CF002743CFAXXX Filed with Clerk on 07/16/2019 and all commercial items/CUSIPs related;
Florida Marion County Case # 422018TR018574TRAXXX;
Florida Marion County Case # 422018TR005625TRAXXX;
Florida Marion County Case # 422018TR005627TRAXXX;
Florida Marion County Case # 422017TR008990TRAXXX;
Florida Marion County Case # 422017TR008990TRAXXX;
Florida Marion County Case # 422017TR008999TRAXXX;
Florida Marion County Case # 422016MM003609MMAXXX;
Florida Marion County Case # 422015TR026603TRAXXX;
Florida Marion County Case # 422014TR005762TRAXXX;
Florida Marion County Case # 422013MM003073MMAXXX;
Florida Marion County Case # 422013MM002616MMAXXX. Said registration is to secure the rights, title(s) and interest in and of the Root of Title, and the Birth Certificate # 109-94-069907, BIRTH CERTIFICATE STATE FILE # 109-1994-069907, as well as All Certificates of Live Birth # 109-94-069907 Local File Number: 6094-5001 as received and or filed by the STATE OF FLORIDA DEPARTMENT OF HEALTH AND WELFARE (Division of Vital Statistics), DNA, retina scans, fingerprints and all Debentures, Indentures, Accounts, and all the Pledges represented by same included but not limited to the pignus, hypotheca, hereditaments, res, the energy and all products derived therefrom, nunc pro tunc; but not limited to all capitalized names: MIKE WILLIAM TIMM, MICHAEL W. TIMM, MICHAEL TIMM, MIKE TIMM, M.W.T., M.W. TIMM, MIKE TIMM, or Mike Timm, Michael Timm, Mike Timm, Timm Michael William, Timm Michael, or any derivatives thereof as used in commerce, and all contracts, agreements, and signatures and/or endorsements, facsimiles, printed, typed or

photocopied of owner's name predicated on the 'Straw-man,' Ens legis/Trust described as the debtor and all property is accepted for value and is Exempt from levy. Record owner is not the guarantor or surety to any other account by explicit reservation. Also record owner, Timm, Michael, William is living flesh and blood sojourning upon the soil of the land know as Florida and not within fictional boundaries, territories, nor jurisdiction of an fictional entity including fictional Federal geometric plane(s), trespass by any agents foreign or domestic, by such in any scheme or such artifice to defraud. Full reverence by all agents and corporations is ambiguously demanded and required. All property currently held or outstanding belongs to the Trust administered by Trustee/Secured Party. Adjustment of this filing is from Public Policy HJR-192 of June 5, 1933 and UCC 1-104 and 10-104. All proceeds, products, accounts, baggage and fixtures and the Orders therefrom are to be released to the Secured Party as the authorized representative of the debtor. Debtor is a *commercial* transmitting utility and is a *trust*. This is a Maritime Lien in accord with Title 46 U.S.C. § 31343 and Article 1, Article 4(a), and Article 5 of The International Convention on Maritime Liens and Mortgages in 1993 held at the Palais des Nations, Geneva (UNITE NATIONS). This Maritime Lien is under safe harbor and sinking funds provisions through the prescription of Law of Necessity and the doctrines of La Mort Saisit Le Vif in accordance in accordance with applicable law, cardinal orders, ordinal orders and commercial standards.



UNOFFICIAL DOCUMENT

EXHIBIT

C

## NOTICE OF INTENT-FEE SCHEDULE
### NIFS-050519949701-MWT

To Whom It May Concern:

The annexed <u>Notice of Intent – Fee Schedule</u> is a schedule of mandatory fees instated by the Secured Party/Creditor, © **Timm, Michael, William**™, Authorized Signatory Attorney-in-fact on behalf of © MICHAEL WILLIAM TIMM™, Ens Legis. I, © **Timm, Michael, William**™, do hereby set forth fees to be instated in any business dealing with © MICHAEL WILLIAM TIMM™ for any business conducted relevant to this schedule. Fees are due and MUST be paid before said business can commence. In the event that invoicing becomes necessary, invoiced amounts are due **fifteen days** after day of receipt. If said fees are not met, it is the right of the Secured Party Creditor, © **Timm, Michael, William**™ to refuse or void any form of business interaction and/or transaction. Fees are subject to change at any time without prior notice. Secured Party Creditor, © **Timm, Michael, William**™, is the only authorized personnel to alter, void, and/or enforce said fees and may do so at any time. To respond and rebut the presumptions of this contract submit to me signed, certified, authenticated, and sworn on an affidavit, documents of the laws that rebut these presumptions point by point, on and for the Record under penalties of the law including perjury.

Without Prejudice,

By: _Timm, Michael, William_
Timm, Michael, William – American National
(8 USC 1101(a)(21). UCC 1-308 without
Prejudice, without recourse. The Grantor/
Executor/Director/Heir/Sole Shareholder/
CEO for MICHAEL WILLIAM TIMM

NOTICE OF INTENT-FEE SCHEDULE
NIFS-050519949701-MWT

## ACKNOWLEDGEMENT

State of Florida        }
                        } SS
County of Marion        }

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ *21* _____ day of _*June*_
2021, personally appeared **Michael Timm**, personally known to me or proved to me on the basis of satisfactory
evidence to be the person described above states that he is the person who executed this foregoing instrument for
the reasons expressed therein.

_____
Notary Public;

HEIDI C. CARLMAN
Commission # GG 290670
Expires March 28, 2023.
Bonded Thru Troy Fain Insurance 800-385-7019

Commission Expiration Date of Notary.

Seal:

### SECTION 1: Private Easements Schedule
    a.  Penalty for Private Use                     $   250000.00

### SECTION 2: Public Easements Schedule
    a.  Penalty for Public Use                      $   250000.00

These fees will be mandated upon the informant listed on the traffic citation ticket(s), arrest
warrants, detention orders, seizure orders.

### SECTION 3: Produce trade name materials:

| | |
|---|---|
| a.  Name | $   500000.00 |
| b.  Drivers License Number | $   500000.00 |
| c.  Social Security Number | $  1000000.00 |
| d.  Retinal Scans | $  1000000.00 |
| e.  Fingerprinting | $  1000000.00 |
| f.  Photographing | $   250000.00 |
| g.  DNA | $  5000000.00 |
|     1.  Mouth swab | $  5000000.00 |
|     2.  Blood samples | $  5000000.00 |
|     3.  Urine samples | $  5000000.00 |
|     4.  Breathalyzer testing | $  5000000.00 |
|     5.  Hair samples | $  5000000.00 |

NOTICE OF INTENT-FEE SCHEDULE
NIFS-050519949701-MWT

| | | |
|---|---|---|
| 6. Skin samples | $ | 5000000.00 |
| 7. Clothing samples | $ | 5000000.00 |
| 8. Forced giving of fluids/samples | $ | 5000000.00 |

## SECTION 4: Use of trade name material

| | | |
|---|---|---|
| a. Name: | | |
| 1. under protest and duress: | $ | 250000.00 |
| 2. Voluntarily | $ | 500000.00 |
| b. Drivers License | | |
| 1. under protest and duress: | $ | 1000000.00 |
| 2. Voluntarily | $ | 500000.00 |
| c. Social Security Number | $ | 1000000.00 |
| 1. under protest and duress: | $ | 1000000.00 |
| 2. Voluntarily | $ | 1000000.00 |
| d. Miscellaneous Material | $ | 500000.00 |
| e. Produce any personal information for any kind of business interaction: | $ | 500000.00 |
| f. Financial Information | $ | 1000000.00 |
| g. Drivers License | $ | 1000000.00 |
| h. Social Security Number | $ | 1000000.00 |
| i. Any documents produced by me (per document) | $ | 1000000.00 |

## SECTION 5: Use of trade name protected material under threat, duress, and/ or coercion:

| | | |
|---|---|---|
| a. Name written by the informant | $ | 1000000.00 |
| b. Drivers License written by informant | $ | 2000000.00 |
| c. Social Security Number written by informant | $ | 2000000.00 |
| d. Miscellaneous Material written by informant | $ | 1000000.00 |

NOTICE OF INTENT-FEE SCHEDULE
NIFS-050519949701-MWT

**SECTION 6: Produce any personal information/property for any kind of business interaction:**

| | | | |
|---|---|---|---|
| a. | Financial Information | $ | 500000.00 |
| b. | Property inside of motor vehicle | $ | 500000.00 |

**SECTION 7: Issue Traffic citations and tickets of any traffic nature:**

| | | | |
|---|---|---|---|
| a. | False Claim | $ | 500000.00 |
| b. | Citations | $ | 250000.00 |
| c. | Warning issued on Paper Ticket | $ | 100000.00 |

**SECTION 8: Appearance in court because of traffic citations:**

| | | | |
|---|---|---|---|
| b. | Time in court, per hour plus On hour | $ | 100000.00 |
| c. | If fine is imposed | $ | 500000.00 |

**SECTION 9: Car / Personal Property Trespass, Carjacking, Theft, Interference with Commerce,**

| | | | |
|---|---|---|---|
| a. | Agency by Estoppel | $ | 500000.00 |
| b. | Color of Law | $ | 500000.00 |
| c. | Implied Color of Law | $ | 500000.00 |
| d. | Criminal Coercion | $ | 500000.00 |
| e. | criminal Contempt of court | $ | 500000.00 |
| f. | Estoppel by Election | $ | 500000.00 |
| g. | Estoppel by Laches | $ | 500000.00 |
| h. | Equitable Estoppel | $ | 500000.00 |
| i. | Fraud | $ | 1000000.00 |
| j. | Fraud upon the court | $ | 2000000.00 |
| k. | Larceny | $ | 2000000.00 |
| l. | Grand Larceny | $ | 2000000.00 |
| m. | Larceny by Extortion | $ | 2000000.00 |

NOTICE OF INTENT-FEE SCHEDULE
NIFS-050519949701-MWT

| | | | |
|---|---|---|---|
| n. | Larceny by Trick | $ | 2000000.00 |
| o. | Obstruction of Justice | $ | 2000000.00 |
| p. | Obtaining Property by False Pretenses | $ | 1000000.00 |
| q. | Simulating Legal Process | $ | 1000000.00 |
| r. | Vexatious Litigation | $ | 5000000.00 |
| s. | Trespass upon Motor Conveyance | $ | 500000.00 |
| t. | Unauthorized Relocation of Motor Conveyance | $ | 1000000.00 |
| u. | Seizure of Motor Conveyance | $ | 1000000.00 |
| v. | Theft of License Plate | $ | 1000000.00 |
| w. | Unlawful Lien on Motor Conveyance | $ | 500000.00 |

**SECTION 10: Time Usage for traffic stops:**

**Note:** Any amount of time less than 30 minutes will be round up to 30 minutes.

| | | | |
|---|---|---|---|
| a. | 30 minutes | $ | 100000.00 |
| b. | 60 minutes | $ | 200000.00 |
| d. | 90 minutes | $ | 300000.00 |

**SECTION 11: Court Appearance Schedule**

These fees MUST be paid immediately after my case is finished. Failure to pay fines and fees will have an additional fee of $100000.00 for breach of contract.

**SECTION 12: Demand for Appearance in court: PER HOUR**

| | | | |
|---|---|---|---|
| a. | under protest and duress: | $ | 1000000.00 |
| b. | Voluntarily | $ | 1000000.00 |

**SECTION 13: Time usage for court appearances:**

1.

| | | | |
|---|---|---|---|
| a. | Under Protest and Duress | $ | 200000.00 |
| b. | Voluntarily | $ | 100000.00 |

NOTICE OF INTENT-FEE SCHEDULE
NIFS-050519949701-MWT

2. 60 minutes

    a.    Under Protest and Duress            $     400000.00

    b.    Voluntarily                     $     200000.00

3. 90 minutes or more

    a.    Under Protest and Duress            $     600000.00

    b.    Voluntarily                     $     300000.00

## SECTION 14:

## Transgressions-Fee Schedule

**Transgressions** by public official(s), police officer(s), judge(s), attorney(s), and all other who desire to contract:

| | | |
|---|---|---|
| a. Failure to honor God Given Rights | $ | 1000000.00 |
| b. Failure to honor Oath of Office | $ | 250000.00 |
| c. Failure to honor Constitutional Oath | $ | 500000.00 |
| d. Failure to honor Written and/or Oral Word | $ | 100000.00 |
| e. Silence/Dishonor/Default | $ | 100000.00 |
| f. Failure to honor /No Bond | $ | 250000.00 |
| g. Phone call to telephone number used by Secured Party including from alleged debt collectors **(each)** | $ | 50000.00 |
| h. Telephone message left on Secured Party phone Service or equipment **(each)** | $ | 100000.00 |
| i. Use of Street Address/Mailing location of Secured Party **(each)** | $ | 500000.00 |

NOTICE OF INTENT-FEE SCHEDULE
NIFS-050519949701-MWT

| j. | Time Waiting for Scheduled Service **(Minimum or per hour)** | $ | 1000.00 |
| k. | Detention from Free Movement and/or cuffed **(Minimum per hour, rounded up)** | $ | 75000.00 |
| l. | Incarceration **(Minimum or per hour)** | $ | 100000.00 |
| m. | Failure to Follow Federal and/or State Statutes, Codes, Rules and/or Regulations | $ | 500000.00 |
| n. | Failure to State a Claim upon which Relief Can Be Granted | $ | 500000.00 |
| o. | Failure to Present a Living Injured Party | $ | 200000.00 |
| p. | Failure to Provide Contract Signed by the Parties | $ | 200000.00 |
| q. | Failure to Provide IRS 1099OID(s), and Other IRS Reporting Form(s) Requirements upon Request | $ | 200000.00 |
| r. | Default By Non-Response or Incomplete Response | $ | 250000.00 |
| s. | Fraud | $ | 1000000.00 |
| t. | Racketeering | $ | 1000000.00 |
| u. | Theft of Public Funds | $ | 1000000.00 |
| v. | Dishonor in Commerce | $ | 1000000.00 |
| w. | Failure to pay Counterclaim in full within **(30)** Thirty Calendar Days of Default as set forth herein | $ | 1000000.00 |
| x. | Perverting of Justice Judgment | $ | 1000000.00 |
| y. | Use of Common-law Trade-name/Trade-mark **(each)** | $ | 500000.00 |
| z. | Forcing psychiatric evaluations **(each)** | $ | 500000.00 |

NOTICE OF INTENT-FEE SCHEDULE
NIFS-050519949701-MWT

aa. Refusal to provide adequate and
proper nutrition while incarcerated
**(Per day)**                                    $      500000.00

bb. Refusal to provide proper exercise
while incarcerated **(per day)**                 $      5000 00.00

cc. Refusal to provide proper dental
care while Incarcerated
**(Per day)**                                    $      100000.00

dd. Forced giving of body fluids
**(Per occurrence)(Per day)**                    $      5000000.00

ee. Forced injections/inoculations, vaccines
**(Per Occurrence) (Per day)**                   $      5000000.00

ff. Forced separation from marriage contract     $      250000.00

gg. Confiscation/kidnapping of a body
That is not a U.S. Citizen
**(Per Occurrence) ( Per day)**                  $      1000000.00

hh. Corporate State continuing a mortgage for more
than five years in violation of Banking Act of
1864 which takes precedence over current
Statutes at large.                               $      2000000.00

ii. Per day after five-year period mention in
**SECTION: 12, (hh.)**                           $      100000.00

jj. Attempted extortion of funds from birth certificate
account, Social security account or any other
associated accounts by fraud, deception and      $      5000000.00
or Forgery by any agent, entity, or corporation
charge **(Per count, per Occurrence)**

kk. Attempted extortion of signature
**(Per count, per Occurrence)**                  $      5000000.00

NOTICE OF INTENT-FEE SCHEDULE
NIFS-050519949701-MWT

| | | |
|---|---|---|
| II. Attempted forgery of signature | $ | 5000000.00 |

*Per Occurrence and Includes any Third-Party Defendant

** All claims are stated in US Dollars which means that a US Dollar will be defined, for this purpose as a One Ounce Silver Coin of .999 pure silver or the equivalent par value as established by law or the exchange rate, as set by the US Mint, whichever is the higher amount, for a certified One Ounce Silver Coin (US Silver Dollar) at the time of the first day of default as set forth herein; if the claim is to be paid in Federal Reserve Notes, Federal Reserve Notes will only be assessed at Par Value as indicated above.

Total damages will be assessed as the total amount of the damages as set forth herein times three (3) for a total of all damages as set forth in subsections added to three (3) times the damages for punitive or other additional damages.

SECTION 15: Services to others and/or Corporation(s):

| | | |
|---|---|---|
| a. Studying | $ | 500.00 per hour |
| while under threat, duress, coercion | $ | 100000.00 per hour |
| b. Analyzing | $ | 500.00 per hour |
| while under threat, duress, coercion | $ | 100000.00 per hour |
| c. Research | $ | 500.00 per hour |
| while under threat, duress, coercion | $ | 100000.00 per hour |
| d. Preparing Documents | $ | 500.00 per hour |
| while under threat, duress, coercion | $ | 100000.00 per hour |
| e. Answering Questions | $ | 500.00 per hour |
| while under threat, duress, coercion | $ | 100000.00 per hour |
| f. Providing Information | $ | 500.00 per hour |
| while under threat, duress, coercion | $ | 100000.00 per hour |

If invoiced, payment is due 15 days after receipt date.

Make all payments to:

© MICHAEL WILLIAM TIMM™
4545 SW 60TH AVENUE
SUITE 773237
OCALA, FLORIDA [34477]

EXHIBIT
D

THIS IS A COPY.
SIGNED ORIGINAL
ON FILE

# COMMON LAW COPYRIGHT NOTICE
## CLCN-050519949701-MWT

## NOTICE TO PRINCIPAL IS NOTICE TO AGENT/NOTICE TO AGENT IS NOTICE TO PRINCIPAL

All rights reserved regarding common-Law copyright of trade-name/trademark ©MICHAEL WILLIAM TIMM™ - as well as any and all derivatives and variations in the spelling of said trade-names/trademarks - Common Law Copyright © 2012 by ©Timm, Michael, William™ Said common-law trade-name/trademark ©MICHAEL WILLIAM TIMM™ is common-law copyrighted property and may neither be displayed nor used, nor reproduced in whole or in part, nor in any manner whatsoever, without the prior, express, written consent and acknowledgment of the common-law copyright holder ©Timm, Michael, William™ as signified by the common-law copyright holder's bona fide, **red-ink** signature of ©Timm, Michael, William™ hereinafter "Secured Party."

**With the intent of being contractually bound**, any juristic person, as well as the agent of said juristic person, consents and agrees by this Copyright Notice that neither said juristic person, nor any agent or principal of said juristic person , shall display or otherwise use in any manner for commercial/financial gain, the common-law trade-name/trademark ©MICHAEL WILLIAM TIMM™ nor the common-law copyright described herein, nor any derivative of, nor any variation in the spelling of ©MICHAEL WILLIAM TIMM™ without the prior, express, written consent and acknowledgment of Secured Party, as signified by Secured Party's bona fide **Red ink** signature. Secured Party neither grants, nor implies, nor otherwise gives consent for any unauthorized use of ©MICHAEL WILLIAM TIMM™, and all such unauthorized use is strictly prohibited. Secured Party is not now, nor has Secured Party ever been, an accommodation party, a surety, nor a fiduciary for the purported debtor, i.e., "©MICHAEL WILLIAM TIMM™," nor for any derivative of, nor for any variation in the spelling of, said name, nor for any other juristic person, and is so-indemnified and held harmless by Debtor, i.e., "©MICHAEL WILLIAM TIMM™" in Commercial Security Agreement/Hold Harmless & Indemnity Agreement No. **HHIA - 050519949701-MWT**, dated at the time of notarizing, against any and all claims, legal actions, orders, warrants, judgments, demands, liabilities, losses, depositions, summonses, lawsuits, costs, fines, liens, levies, penalties, damages, interests, and expenses whatsoever, both absolute and contingent, as are due and as might become due, now existing and as might hereafter arise, and as might be suffered by, imposed on, and incurred by Debtor for any and every reason, purpose, and cause whatsoever.

### Self-executing Contract/Security Agreement in Event of Unauthorized Use:

By this Copyright Notice, both the juristic person and the agent of said juristic person, hereinafter jointly and severally "User," consent and agree that any use of ©MICHAEL WILLIAM TIMM™, other than authorized use as set forth above, constitutes unauthorized use of Secured Party's common-law copyrighted property and contractually binds User. This Notice by Declaration becomes a Security Agreement wherein User is debtor and ©Timm, Michael, William™ is Secured Party, and signifies that User:

(1)     grants Secured Party a security interest in all of User's assets, land and personal property, and all of User's interest in assets, land and personal property, in the sum of **$500,000.00** per each trade-name/trademark used, per each occurrence of use (violation/infringement), plus triple damages, plus costs for each such use, as well as for each and every use of any and all derivatives of, and variations in the spelling of "©MICHAEL WILLIAM TIMM™;

(2)     authenticates this Security Agreement wherein User is debtor and ©Timm, Michael, William™ is Secured Party, and wherein User pledges all of User's property, including but not limited to land, buildings, consumer goods, farm products, inventory, equipment, motor vehicles, money, investment property, commercial tort claims, letters of credit, letter-of-credit rights, chattel paper, instruments, deposit accounts, accounts, documents, and general intangibles, and all User's interest in all such foregoing property, now owned and hereafter acquired, now existing and hereafter arising, and wherever located, as collateral for securing User's contractual obligation in favor of Secured Party for User's unauthorized use of Secured Party's common law copyrighted property;

(3)     consents and agrees to be the debtor on a UCC Financing Statement in the UCC filing office, as well as in any county recorder's office, wherein User is debtor and ©Timm, Michael, William™ is Secured Party;

(4)     consents and agrees that said UCC Financing Statement described above in item"(2)," is a continuing financing statement, and further consents and agrees with Secured Party's filing of any continuation statement necessary for maintaining Secured Party's perfected security interest in all of User's property and interest in property, pledged as collateral in this Security Agreement and described above in item "(2)," until User's contractual obligation theretofore incurred has been fully satisfied;

CLCN-050519949701-MWT                                                                    COMMON LAW COPYRIGHT NOTICE

## COMMON LAW COPYRIGHT NOTICE
### CLCN-050519949701-MWT

(5)    authorizes, consents and agrees with Secured Party's filing of any UCC Financing Statement, as described above in items "(2)" and "(4)," as well as the filing of any Security Agreement, as described above in item "(2)," in the UCC filing office, as well as in any county recorder's office;

(6)    consents and agrees that any and all such filings described in items "(4)" and "(5)" above are not, and may not be considered bogus, and that User will not claim that any such filing is bogus;

(7)    waives all defenses; and

(8)    appoints Secured Party as Authorized Representative for User, effective upon User's default regarding User's contractual obligations in favor of Secured Party as set forth below under "Payment Terms" and "Default Terms," granting Secured Party full authorization and power for engaging in any and all actions on behalf of User including, but not limited by, authentication of a record on behalf of User, as Secured Party, in Secured Party's sole discretion, deems appropriate, and User further consents and agrees that this appointment of Secured Party as Authorized Representative for User, effective upon User's default, is irrevocable and coupled with a security interest.

<u>User further consents and agrees with all of the following additional items of Self-Executing Contract/Security Agreement in Event of Unauthorized Use:</u>

<u>Payment Terms:</u> In accordance with fees for unauthorized use of ©MICHAEL WILLIAM TIMM™ as set forth above, User hereby consents and agrees that User shall pay Secured Party all unauthorized-use fees in full within ten **(10)** days of the date the Secured Party's invoice, hereinafter "Invoice," itemizing said fees, is sent.

<u>Default Terms:</u> In event of non-payment in full of all unauthorized-use fees by User within ten **(10)** days of date Invoice is sent, User shall be deemed in default and:

(a)    all of User's property and interest in property pledged as collateral by User, as set forth in above item "(2)," immediately becomes property of Secured Party;

(b)    Secured Party is appointed User's Authorized Representative as set forth above in item "(8);" and

(c)    User consents and agrees that Secured party may take possession of, as well as otherwise dispose of in any manner that Secured Party, in Secured Party's sole discretion, deems appropriate, including, but not limited by, sale at auction, at any time following User's default, and without further notice, any and all of User's former property and interest in property, described above in item "(2)," formerly pledged as collateral by User, now property of Secured Party, in respect of this "Self-Executing Contract/Security Agreement in Event of Unauthorized Use," that Secured party, again in Secured Party's sole discretion, deems appropriate.

<u>Terms for Curing Default:</u> Upon event of default, as set forth above under "Default Terms," irrespective of any and all of User's former property and interest in property, described above in item "(2)," in the possession of, as well as disposed of by, Secured Party, as authorized above under "Default Terms," User may cure User's default regarding only the remainder of User's said former property and interest property, formerly pledged as collateral that is neither in the possession of, nor otherwise disposed of, by Secured Party within twenty **(20)** days of date of User's default only by payment in full.

<u>Terms of Strict Foreclosure:</u> User's non-payment in full of all unauthorized-use fees itemized in Invoice within said **twenty-(20)-day** period for curing default as set forth above under "Terms for Curing Default" authorizes Secured Party's immediate non-judicial strict foreclosure on any and all remaining property and interest in property formerly pledged as collateral by User, now property of Secured Party, which is not in the possession of, nor otherwise disposed of, by Secured Party upon expiration of said **twenty-(20)-day default-curing-period**, Ownership subject to common-law copyright and UCC Financing Statement and Security Agreement filed with the UCC filing office. Record Owner: ©Timm, Michael, William™ Autograph Common Law Copyright © 2012. Unauthorized use of "Timm, Michael, William" incurs same unauthorized-use fees as those associated with ©MICHAEL WILLIAM TIMM™ as set forth above in paragraph "(i)" under "Self-Executing Contract/Security Agreement in Event of Unauthorized Use."

# COMMON LAW COPYRIGHT NOTICE
## CLCN-050519949701-MWT

I certify under penalty of perjury that the foregoing is true and correct. Executed on the _____21st_____ day of ___June_____ in the year Two-thousand and twenty-one.

Debtor:
©MICHAEL WILLIAM TIMM™

Secured Party:
©Timm, Michael, William™

© _MICHAEL WILLIAM TIMM_____ ™
Debtor's Signature

By: © _Timm, Michael, William_ ™
Creditors Signature—Authorized Representative.
Common Law Copyright 1982. All Rights Reserved

## ACKNOWLEDGEMENT

State of Florida        }
                        } SS
County of Marion        }

    SUBSCRIBED AND SWORN TO BEFORE ME THIS___21____ day of _June_____, 2021, personally appeared **Michael Timm**, personally known to me or proved to me on the basis of satisfactory evidence to be the person described above states that he is the person who executed this foregoing instrument for the reasons expressed therein.

_Heidi C. Carl_____
Notary Public.

_____
Commission Expiration Date of Notary.

Seal:

> HEIDI C. CARLMAN
> Commission # GG 290670
> Expires March 28, 2023
> Bonded Thru Troy Fain Insurance 800-385-7019