UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JPMORGAN CHASE BANK, N.A.,

    Plaintiff,

                                                   Case No. 5:24-cv-8-MMH-PRL

v.

MICHAEL TIMM,

    Defendant.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "The existence of federal jurisdiction is tested as of the time of removal." Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011); see also Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294-95 (11th Cir. 2008). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction:

(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Plaintiff JPMorgan Chase Bank, N.A. initiated this lawsuit on June 29, 2022, by filing a Complaint in the County Court of the Fifth Judicial Circuit, in and for Marion County, Florida. See generally Complaint (Doc. 1-1). In the Complaint, Plaintiff asserts a claim for Account Stated, based on allegations that Defendant Michael Timm owes Plaintiff $15,337.61 from the use of a consumer credit account. Id. ¶¶ 2-5. Defendant, acting pro se, removed the action to this Court on January 5, 2024. See Notice of Removal to United States District Court for Middle District of Florida (Doc. 1; Notice). In the Notice, Defendant seeks to invoke the Court's federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. See Notice at 1. In support, Defendant asserts that this "is a civil action wherein the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs." See id. Defendant appears to contend that the amount in controversy requirement is met based on the damages he seeks through a counterclaim. See id. Upon review of the Notice, Complaint, and the record in this case, the Court finds that the Court lacks subject matter jurisdiction over this action.

Where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." See

Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).  In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014).  Significantly, "[a] defendant's counterclaim, even when seeking more than the jurisdictional amount, cannot serve as the basis for establishing the requisite amount in controversy for federal diversity jurisdiction."  See BB&T Fin., FSB v. DeGeorge, No. 3:13-cv-478-UATC-JRK, 2013 WL 4780067, at *2 (M.D. Fla. Sept. 5, 2013) (collecting cases); see also Conference Am., Inc. v. Q.E.D. Int'l, Inc., 50 F. Supp. 2d 1239, 1240-42 (M.D. Ala. 1999).  As such, Defendant's reliance on his counterclaim to meet the amount in controversy requirement is unavailing.  Moreover, Defendant fails to allege the citizenship of the parties and has otherwise made no attempt to establish that the diversity requirement of § 1332(a) is met.[1]  Because the Court finds no basis to exercise federal subject

---

[1] The Court notes that Defendant's removal of this action pursuant to § 1332 also appears to be untimely.  See 28 U.S.C. § 1332(c).  In addition, although the Court has no information as to Defendant's state of citizenship, he appears to reside in Florida.  See Civil Cover Sheet (Doc. 1-4).  To the extent Defendant is a citizen of Florida, the Court notes that removal is further improper based on the forum defendant rule.  See 28 U.S.C. § 1441(b)(2); see also Goodwin v. Reynolds, 757 F.3d 1216, 1218 (11th Cir. 2014) (explaining that the forum-defendant rule means "a state-court action that is otherwise removable to federal court solely on the basis of diversity of citizenship is not removable if any of the 'parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" (emphasis omitted) (quoting 28 U.S.C. § 1441(b)).

3

matter jurisdiction over this action, the Court will remand this matter to state court.[2]

Accordingly, it is

**ORDERED**:

1. The Clerk of the Court is **DIRECTED** to remand this case to the County Court of the Fifth Judicial Circuit, in and for Marion County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

2. The Clerk is further **DIRECTED** to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Chambers this 10th day of January, 2024.

MARCIA MORALES HOWARD
United States District Judge

---

[2] In the Civil Cover Sheet (Doc. 1-4), Defendant indicates that the Court has jurisdiction over this action based on a federal question. To determine whether federal question jurisdiction exists under 28 U.S.C. § 1331, "a court must look to the well-pleaded complaint alone." Adventure Outdoors, 552 F.3d at 1295; see also Kemp v. Int'l Bus. Mach. Corp., 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint."). The Complaint plainly does not raise a substantial federal question as it contains only a straightforward state law claim for Account Stated.

4

lc11
Copies to:

Counsel of Record
Pro Se Parties

Clerk of Court
    Fifth Judicial Circuit, in and for
    Marion County Florida